IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ZACKARY GILBRIDGE-WONDERLIN | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BEST CAR N' CARE, INC., WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES, CORSA MOTORS, LLC, F.C. KERBECK & SONS d/b/a LAMBORGHINI PALMYRA, and OLEG TYULNYEV | : | NO. 2:23-cv-03946-MRP |
| Defendants. | | |

**ORDER**

**AND NOW,** this 11th day of July, 2025, upon consideration of Defendant Corsa Motors's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 42; *see* ECF No. 37), Plaintiff's memorandum in opposition thereto (ECF No. 52), and Defendant's reply (ECF No. 60), it is hereby **ORDERED** that the Clerk of Court is **DIRECTED** to **TRANSFER** the above-captioned case to the United States District Court for the District of New Jersey.[1]

---

[1] This civil action arises from Plaintiff's purchase of a 2013 Lamborghini Aventador and subsequent events following the vehicle's mechanical problems, including the transfer of the car to multiple repair shops, as well as issues with its warranty and title. This Court finds that it lacks personal jurisdiction over Defendant Corsa Motors due to its lack of sufficient minimum contacts with Pennsylvania. *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 918–19 (2011); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Court's only connection to this dispute is Plaintiff's Pennsylvania citizenship, which, standing alone, is insufficient to establish jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 290 (2014) ("[M]ere injury to a forum resident is not a sufficient connection to the forum.").

However, the Court declines to dismiss Corsa Motors from the suit entirely under Fed. R. Civ. P. 12(b)(2). Pursuant to 28 U.S.C. § 1406(a), when venue is improper, a district court must, if "in the interest of justice," transfer the case to "any district or division in which it could have been brought" to cure the defect. *See McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970) ("[U]ndertak[ing] a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95

BY THE COURT:

_____
Hon. Mia R. Perez

---

(1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1869) (internal quotations omitted)).

Therefore, the merits are more appropriately addressed in the U.S. District Court for the District of New Jersey, where the entire controversy arose. *Goodyear*, 564 U.S. at 918–19; *Int'l Shoe*, 326 U.S. at 316; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). New Jersey can exercise personal jurisdiction over all parties, including general ("at-home") jurisdiction over Defendants Corsa Motors and Lamborghini Palmyra because they are both New Jersey corporations. (ECF Nos. 37, 42); *Goodyear*, 564 U.S. at 919. Accordingly, venue is proper in New Jersey.