# KAUFMAN|DOLOWICH

Kaufman Dolowich LLP
Court Plaza North
25 Main Street, Suite 500
Hackensack, New Jersey 07601-7086

Telephone: 201.488.6655
Facsimile: 201.488.6652

www.kaufmandolowich.com

**Erik E. Sardiña, Esq.**
**Partner**
**Direct Dial:  201.708.8236**
**Email: esardina@kaufmandolowich.com**

July 29, 2025

**VIA ECF**
The Honorable Renée Marie Bumb, Chief Judge
United States District Court
District of New Jersey
44th & Cooper Street, Courtroom 3D
Camden, NJ 08101

> **Re:** **Wonderlin v. Best Car N' Care, Inc., et al.**
> **Case No. 1:25-cv-13234-RMB-EAP**

Dear Chief Judge Bumb:

This firm represents Defendant, Corsa Motors, LLC ("Corsa Motors"), in connection with the above-refence matter. We write pursuant to the Court's Individual Rules and Procedures I.A to respectfully request a pre-motion conference so that the Court will consider Corsa Motors' previously submitted Federal Rule of Civil Procedure ("FRCP") 12(b)(6) arguments or, alternatively, grant leave to Corsa Motors' to file a renewed motion to dismiss.

## I.   Procedural History

Plaintiff's claims stem from the purchase of a 2013 Lamborghini Aventador and a series of events that followed. Specifically, in the Second Amended Complaint ("SAC"), Plaintiff Zackary Gilbridge-Wonderlin ("Plaintiff"), attempts for the third time to assert new causes of action against Corsa Motors in connection with Corsa Motors' alleged warranty repairs of a vehicle purchased by Plaintiff from a third party, defendant Best Car N' Care ("Best Car"), and financed by a fourth party, defendant Westlake Services, LLC ("Westlake"), after the vehicle broke down and was then brought to a fifth party, defendant F.C. Kerbeck & Sons, doing business as Lamborghini Palmyra ("Lamborghini Palmyra"), which estimated substantial repairs. Plaintiff alleges Best Car then unilaterally transferred the vehicle from Palmyra, New Jersey to Corsa Motors in Englewood, New Jersey for repairs under the warranty that was part of Plaintiff and Best Car's purchase agreement to which Corsa Motors was not a party. In making the alleged repairs authorized by Best Car and Westlake, Plaintiff contends that Corsa Motors converted the vehicle in furtherance of an alleged conspiracy with the other defendants in this matter.

Plaintiff initiated this action by filing a Complaint on October 12, 2023 in the United States District Court for the Eastern District of Pennsylvania (Gilbridge-Wonderin v. Best Car N' Care,

Case No. 1:25-cv-13234-RMB-EAP
July 29, 2025
Page 2

Inc., E.D. Pa. Doc. 2:23-cv-03946-MRP ("E.D. Pa. Action"),[1] ECF No. 1). On December 6, 2023, Corsa Motors moved to dismiss the Complaint for failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6) and for lack of personal jurisdiction pursuant to Fed R. Civ. 12(b)(2). (*See* E.D. Action, ECF No. 9.) Plaintiff then filed the Amended Complaint on December 26, 2023 (*see* E.D. Action, ECF No. 14), which Corsa Motors moved to dismiss for failure to state a claim and for lack of personal jurisdiction. (*See* E.D. Action, ECF No. 17.) After fully briefing the motion to dismiss, Plaintiff moved to file the SAC (*See* E.D. Action, ECF No. 30.) The Pennsylvania federal court then granted the motion to file the SAC and denied Corsa Motors' motion to dismiss the Amended Complaint as moot. (*See* E.D. Action, ECF No. 36.)

Plaintiff filed the SAC on September 21, 2024 (*See* E.D. Action, ECF No. 37). Defendant then filed a motion to dismiss the SAC pursuant to FRCP 12(b)(2) for lack of personal jurisdiction and for failure to state a claim pursuant to FRCP 12(b)(6). (*See* E.D. Action, ECF No. 41). After briefing, the Pennsylvania federal court granted Corsa Motors' motion on the grounds of lack of personal jurisdiction and transferred the matter to this Court. (*See* E.D. Action, ECF No. 61). In doing so, the court declined to dismiss the suit reasoning that "the merits are more appropriately addressed in the U.S. District Court for the District Court of New Jersey…." (*See id.*)

## II. Basis for FRCP 12(b)(6) Motion to Dismiss and Relevant Authority

Accordingly, Corsa Motors respectfully requests that this Court find that the SAC fails to state a claim against Corsa Motors and dismiss the SAC pursuant to FRCP 12(b)(6). (*See* E.D. Pa. Action, ECF Nos. 42, 56, *and* 60.) The parties have fully briefed this issue, (*see id.*), and the basis for any forthcoming motion would be the same as those set forth in the E.D. Pa. Action. (*See* E.D. Pa. Action, ECF Nos. 42 *and* 60.) Namely, Plaintiff admits that the vehicle was not operable prior to Corsa Motors obtaining the vehicle and that it could not be driven safely. He claims that Corsa Motors "retained the vehicle" after a third party—Lamborghini Palmyra—released the vehicle to a fourth party—Best Car—which then requested Corsa Motors perform repairs on the vehicle under a warranty. He claims Best Car engaged in conversion by disassembling an engine that he alleges was inoperable and nearly caught fire in order to fix it and Corsa Motors performed the initial step (disassembly) needed to make the repairs required to render the vehicle safe and operable. Plaintiff allegation that Corsa Motors' actions somehow engaged in conversion to render the already inoperable vehicle, "undrivable" does not amount to a viable claim. (*See* E.D. Pa. Action, ECF No. 56 at 15.) Plaintiff's allegations that Corsa Motors "disassembled and retained possession" of a vehicle that was already undrivable vehicle does not amount to conversion.

Here, Plaintiff's conversion claim fails because Corsa Motors lawfully received the vehicle. The fact is Plaintiff alleges that some of the defendants "represented that the car had been taken apart" to perform the repairs and "could not returned in its state at that time" to Plaintiff. Courts recognize that Plaintiff's demand for return of chattel " must be made at a time and place and under such circumstances as defendant is able to comply with if he is so disposed, and the refusal must be wrongful." *Mueller v. Tech. Devices Corp.*, 8 N.J. 201, 207 (1951).

---

[1] A copy of the docket report for Gilbridge-Wonderin v. Best Car N' Care, Inc., E.D. Pa. Doc. 2:23-cv-03946-MRP is attached hereto as **Exhibit A**.

Case No. 1:25-cv-13234-RMB-EAP
July 29, 2025
Page 3

Moreover, Plaintiff's claims for conversion, as well as conspiracy, are predicated on a theory that Plaintiff acknowledges sounds in contract. "Plaintiff has alleged that two or more defendants … combined to deprive Plaintiff of the benefits of his warranty and the possession" of the vehicle. (*See* E.D. Pa. Action, ECF No. 56 at 16.) Plaintiff's right to possession and warranty of the vehicle are by a contract with a separate defendant, Best Car. (*See id.*) Yet, a plaintiff cannot sue in tort for damages arising out of a breach of contract. *Stoudt v. Peugeot Motors of America*, 662 F.Supp. 1016, 1018 (E.D.Pa 1986); *Glazer v. Chandler*, 414 Pa. 304, 308 & n.1 (1964). "Courts have enforced the rule as to non-parties, too." *Pre-Settlement Fin., LLC v. Ellis*, CV1806339KMCLW, 2020 WL 5743036, at *5 (D.N.J. Sept. 24, 2020), *aff'd*, 20-3433, 2021 WL 2104860 (3d Cir. May 25, 2021). Courts will grant motions to dismiss for failure to state a claim at the pleading stage when a conversion claim is merely a request for damages for breach of contract. *See, e.g.*, *Neyer, Tiseo & Hindo, Ltd. v. Russell*, CIV. 92-2983, 1993 WL 53579, at *4 (E.D. Pa. Mar. 2, 1993).

Plaintiff's conspiracy claim against Corsa Motors also fails under New Jersey law because an unwitting party may not be liable under a conspiracy theory. *Banco Popular North America v. Gandi*, 184 N.J. 161, 177-78 (2005). As explained by the New Jersey Supreme Court:

> In New Jersey, a civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. It is enough [for liability] if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them.

*Id.* (alteration original). Here, Plaintiff does not allege anything other than bald assertions that Corsa Motors was a co-conspirator that identifies with any specificity an agreement, common purpose, or overt act that Corsa Motors engaged in to state a claim for conspiracy. This is fatal because conspiracy claims must be pleaded with particularity, including civil conspiracy claims. *See, e.g.*, *In re Am. Bus. Fin. Servs., Inc.*, 362 B.R. 135, 147 (Bankr. D. Del. 2007).

We thank the Court for its time and consideration of this request.

Respectfully submitted,

**Kaufman Dolowich LLP**

*s/ Erik E. Sardiña, Esq.*

_____
Erik E. Sardiña, Esq.

cc:   All Counsel of Record (via ECF)