IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JOHN ZACKARY GILBRIDGE-WONDERLIN** : | | |
| *Plaintiff,* : | **CIVIL ACTION** | |
| v. : | **1:25-CV-13234-RBM-EAP** | |
| : | | |
| **BEST CAR N' CARE, INC.,** *ET AL.* : | **Chief Judge Renée Marie Bumb** | |
| *Defendants.* : | | |
| : | | |

### JOINT PROPOSED DISCOVERY PLAN

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    a. **Wiliam E. Viss, Esq., Reidenbach & Associates, LLC, 724 W. Landcaster Ave, Ste. 215, Wayne. PA 19087. Phone: (610) 572-7075; Fax: (484) 268-1791.**

       **Counsel for Plaintiff.**

    b. **Howard W. Donahue, Esq. Maron Marvel, 1717 Arch Street, Suite 3710, Philadelphia, PA 19103**

       **Counsel for Defendant-, Westlake Services, LLC d/b/a Westlake Financial Services.**

    c. **Erik E. Sardina, Esq., Kaufman Dolowich, LLP, 25 Main Street, Suite 500 Hackensack, NJ 07601**

       **Counsel for Defendant, Corsa Motors, LLC.**

    d. **Richard M. Pescatore, Esq., Richard M. Pescatore, P.C., 1055 East Landis, Avenue Vineland, NJ 08360**

       **Counsel for Defendant, F.C. Kerbeck & Sons d/b/a Lamborghini Palmyra.**

    e. **Defendants Best Car N' Care and Oleg Tyulenev are not represented and have not entered their appearance.**

2. Set forth a brief description of the case, including the causes of action and defenses asserted:

    **This matter arises from plaintiff's purchase of a motor vehicle, a 2013 Lamborghini, for which plaintiff paid $328,814.00. The vehicle was covered by a 60-day/2,000 mile powertrain warranty.**

**Plaintiff took possession of the vehicle on April 9, 2022 and drove the vehicle for the first time on April 14, 2022. Plaintiff did not get far. The vehicle promptly overheated, nearly catching fire, and had to be towed to a nearby dealership.**

**Plaintiff sought to enforce the warranty and have the vehicle repaired. For reasons that remain unknown to plaintiff, the vehicle was transferred to another repair facility and a quote for repairs was provided. Upon information and belief, those repairs were not made. The lender then voluntarily repossessed the vehicle and sold the car at auction. Westlake issued a check payable to Plaintiff's counsel's office dated April 10, 2024 in the amount of $65,549.95 for the surplus received following its sale of the vehicle. For reasons unknown to Westlake, Plaintiff continues to assert claims related to this surplus in his complaints. Plaintiff has not seen the vehicle since.**

**Plaintiff asserts claims for breach of warranty, fraud, conversion of chattel, violation of consumer protection laws, piercing the corporate veil, negligence, civil conspiracy.**

**Defendants' defenses include that plaintiff has failed to state a claim, that plaintiff was responsible for the damage to the vehicle, plaintiff thereafter failed to mitigate damages, the losses were caused by parties and circumstances over which defendants had no control, plaintiff failed to comply with an arbitration clause appearing in one of the applicable documents, and plaintiff breached the contracts at issue thereby precluding plaintiff's right to recovery.**

**Moreover, Defendant Corsa Motors has submitted a letter pursuant to the Court's individual practices requesting the Court to consider Corsa Motors' previously submitted Federal Rule of Civil Procedure 12(b)(6) arguments which were filed in the Eastern District of Pennsylvania or, alternatively, grant leave to Corsa Motors' to file a renewed motion to dismiss. (*See* ECF Nos. 66 *and* 67.) The anticipated motion is directed at threshold legal deficiencies that, if resolved in Corsa Motors' favor, would substantially narrow or eliminate the need for party discovery as to Corsa Motors. Accordingly, Corsa Motors respectfully request that the Court defer requiring Corsa Motors to participate in formal written discovery until the Court has ruled on the pending request for leave to refile its motion to dismiss. At this time, Corsa Motors has not filed an answer, which further impacts any discovery, only as to Corsa Motors.**

(a) Pursuant to L. Civ. R. 16.1(b)(1)(H), set forth whether an Affidavit of Merit has been served, or is required to be served, for any action asserting professional malpractice or negligence and, if an affidavit of merit is required, the date by which it must be served.

   Yes_____ No_____**X**_____ If Yes, Date of Service _____

(b) If an Affidavit of Merit has been served, state whether Defendant has any objections to the adequacy of the Affidavit. **N/A**

   Yes_____ No_____

3. Have settlement discussions taken place? Yes_____**X**_____ No _____

(a) What was plaintiff's last demand?

    (1) Monetary demand: $____
    (2) Non-Monetary demand: __

(b) What was defendant's last offer?

    (1) Monetary offer: **$67,000.**
    (2) Non-monetary offer: _____

4. The parties [have _____**X**_____ have not _____] met pursuant to Fed. R. Civ. P. 26(f): **August 1, 2025.**

5. The parties [have _____**X**_____ have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reasons therefore:

**Plaintiff served initial disclosures on April 3, 2025. Defendants have not yet served initial disclosures.**

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1): **None anticipated.**

7. The parties [have _____ have not _____**X**_____] filed disclosures of third-party litigation funding. See L. Civ. R. 7.1.1. N/A.

8. The parties [have ___**X**_____ have not _____] conducted discovery other than the above disclosures. If so describe:

**Plaintiff issued requests for production of documents pursuant to Rule 26(f) in anticipation of a Rule 26(f) conference scheduled for June 11, 2025. Defendants have issued no discovery to date.**

**Corsa Motors could not engage in discovery in the Eastern District of Pennsylvania under well-established Third Circuit law because the Pennsylvania federal court lacked jurisdiction over Corsa Motors. For the reasons set forth above, Corsa Motors respectfully requests that discovery be limitedly stayed under the Court considers Corsa Motors pending request as to its 12(b)(6) arguments.**

9. Proposed Joint Discovery Plan:

    (a) Discovery is needed on the following subjects: Liability and damages.

    (b) Discovery [should _____ should not _____**X**_____] be conducted in phases or be limited to particular issues. Explain.

    (c) Proposed schedule:

    (1) Fed. R. Civ. P. 26 Disclosures: **August 22, 2025**

    (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): **August 22, 2025**

    (3) Service of initial written discovery: **August 29, 2025**

    (4) Maximum of **25** interrogatories by each party to each other party.

    (5) Maximum of **10** depositions to be taken by each party.

    (6) Motions to amend or to add parties to be filed by: **November 12, 2025**

    (7) Factual discovery to be completed by: **December 11, 2025**

    (8) Plaintiff's expert report due on: **January 2, 2026**

    (9) Defendant's expert report due on: **January 16, 2026**

    (10) Expert depositions to be completed by: **February 16, 2026**

    (11) Dispositive motions to be filed by: **February 23, 2026**

  (d) Set forth any special discovery mechanism or procedure requested. **None at this time.**

  (e) A pretrial conference may take place on: **March 19, 2026**

  (f) Trial date: **April 6, 2025** (___**X**_____Jury Trial; _____ Non-Jury Trial)

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out−of−state witnesses or documents, etc.)? Yes _____ No ___**X**____.

If so, please explain: **One of the named parties Oleg Tyulenev is a *pro se* defendant. As a result, it may prove difficult to contact Mr. Tyulenev and/or solicit deposition dates and discovery responses.**

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
Yes _____ No ____**X**___.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

12. Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.
Yes _____ No ___**X**____.

13. Do you anticipate any discovery problem(s) not listed above? Describe.
Yes _____ No ____**X**___ .

14. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise) or mediation (pursuant to L. Civ. R. 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

**The parties believe this case would benefit from mediation prior to the end of fact discovery.**

15. Is this case appropriate for bifurcation? Yes _____ No _____**X**_

**Counsel for Defendants submit that, since Plaintiff alleges punitive damages, and if Plaintiff is successful in getting such claims to the jury and if the trier of fact determines, in a secondary trial, that punitive damages should be awarded, then a bifurcated proceeding should be conducted to determine the amount of said damages.**

16. An interim status/settlement conference (with clients in attendance) should be held: **thirty (30) days before the end of fact discovery, or around October 29, 2025.**

17. We [do _____ do not ____**X**_____] consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.

**The *pro se* defendants are not present and have not filed an answer.**

**On July 29, 2025, counsel for defendant Corsa Motors, LLC ("Corsa"), issued correspondence to the Court requesting a pre-motion conference to discuss Corsa's previously submitted Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Corsa requests that the Motion to Dismiss be considered by the Court, or, alternatively, that Corsa be granted leave to file a renewed Motion to Dismiss.**

Attorney(s) for Plaintiff(s) / Date

*/s/ William E. Viss, Esq.,*

**August 11, 2025**

Attorney(s) for Defendant(s) / Date

*/s/ Howard W. Donahue, Jr, Esq.*, for Defendant, Westlake Services, LLC, Aug. 8, 2025

*/s/ Erik E. Sardiña, Esq.* for Defendant Corsa Motors, August 8, 2025

*/s/ **Rick Pescatore,** **Esq.,** Counsel for Defendant, F.C. Kerbeck & Sons d/b/a Lamborghini
Palmyra, August 8, 2025