IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN ZACKARY GILBRIDGE-WONDERLIN, Plaintiff, v. BEST CAR N' CARE, INC., *et al.*, Defendants. | Case No. 25-cv-13234 (RMB-EAP) **ORDER FOR MEDIATION** |

The Court having held a pre-motion conference to address Defendant Corsa Motors, LLC's pre-motion letter (Docket No. 66) and Plaintiff John Zackary Gilbridge-Wonderlin's response thereto (Docket No. 77), and the Court having indicated at the pre-motion conference that this dispute would benefit from mediation, and the Court having ordered Plaintiff to file a status report following the pre-motion conference (Docket No. 80), and whereas the parties have notified the Court that they have been unable to resolve this matter and request in-person mediation (Docket No. 81), and the Court having adopted L. Civ. R. 301.1 and Appendix Q, and this Rule having established a program for mediation of civil actions, and it appearing that mediation of this matter would conserve resources and be in the best interests of the Court and of the parties, and for other good cause shown,

**IT IS**, on this **30th** day of **September, 2025** hereby **ORDERED THAT**:

1. This civil action be, and hereby is, **REFERRED TO MEDIATION**

consistent with said Rule. The mediator shall be **selected by the Clerk of the Court**, subject to the mediator's completion of a conflicts check. Counsel shall contact the mediator, once assigned, to schedule the mediation session(s). The mediator's contact information will be available on the Court's website at the following address: https://www.njd.uscourts.gov/sites/njd/files/MasterListMediation.pdf.

2.  Counsel and the parties shall mutually participate in mediation and fully cooperate with the mediator. Counsel and the parties (including individuals with settlement authority) shall attend mediation sessions, as requested by the mediator.

3.  The mediator may meet with counsel and parties jointly or *ex parte*. All information presented to the mediator shall be deemed confidential and shall be disclosed by the mediator only upon consent of counsel, except as necessary to advise the Court of an apparent failure to participate. The mediator shall not be subject to subpoena by any party. No statements made or documents prepared for mediation sessions shall be disclosed in any subsequent proceeding or be deemed as an admission against interests.

4.  All proceedings in this matter are **ADMINISTRATIVELY TERMINATED** (except for discovery as agreed to by the mediator and counsel) pending mediation.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
Chief United States District Judge

cc:   The Honorable Leda D. Wettre, U.S.M.J., Mediation Compliance Judge