**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHN ZACKARY GILBRIDGE-WONDERLIN** : | |
| : | |
| **v.** : | **CIVIL ACTION** |
| : | |
| : | |
| **BEST CAR N' CARE, INC.** : | **No. 1:25-cv-13234-RMB-EAP** |
| and : | |
| **WESTLAKE SERVICES, LLC d/b/a** : | |
| **WESTLAKE FINANCIAL SERVICES** : | |
| and : | |
| **CORSA MOTORS, LLC** : | |
| and : | |
| **F.C. KERBECK & SONS d/b/a** : | |
| **LAMBORGHINI PALMYRA** : | |
| and : | |
| **OLEG TYULENEV** : | |

**MEMORANDUM OF LAW OF PLAINTIFF, JOHN ZACKERY GILBRIDGE-WONDERLIN, IN OPPOSITION TO DEFENDANT, CORSA MOTORS, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 (b)(6)**

**REIDENBACH & ASSOCIATES, LLC**
William E. Viss, Esq.
Devon Square 1
724 W. Lancaster Avenue, Suite 215
Wayne, PA 19087
(t) (610) 572-7075
(f) (628) 257-17350
(e) wviss@reidenbachlaw.com
*Counsel for Plaintiff*
*John Zackary Gilbridge-Wonderlin*

Motion Date:  May 4, 2026

**PRELIMINARY STATEMENT**

This matter arises out of a purchase made by Plaintiff, John Zackary Gilbridge-Wonderlin ("Plaintiff") of a 2013 Lamborghini Aventador (the "Lamborghini") from Defendant, Best Car N' Care, Inc. ("Best Car"), which acted through its principal, Defendant Oleg Tyulenev ("Tyulenev"). These defendants engaged in the fraudulent advertisement and sale of the Lamborghini, making specific material misrepresentations as to the condition of the car, the financing of same, and its warranty.  On his first drive after purchasing the car, Plaintiff was almost seriously injured as the vehicle nearly caught fire due to numerous open recalls and serious engine issues that remained uncured and in disrepair.  What followed was a series of misconduct by Defendants, Best Car, Tyulenev, and, *inter alia*, Corsa Motors, LLC ("Corsa"), whereby these defendants engaged in a conspiratorial scheme to deprive Plaintiff of his right to the Lamborghini and hold it for ransom at Defendant Corsa's unauthorized repair facility in Englewood, New Jersey.

Defendant Corsa has filed the instant Motion to Dismiss for failure to state a claim as to the causes of action for conversion and civil conspiracy alleged against it in Plaintiff's Second Amended Complaint.  However, the Court should deny Corsa's Motion in its entirety as Plaintiff has more than plausibly alleged claims for conversion and civil conspiracy against Defendant Corsa.

As more fully discussed in factual detail herein, the allegations in the Second Amended Complaint establish that Defendant Corsa willingly and intentionally violated New Jersey regulations concerning the repair of motor vehicles in disassembling the Lamborghini without first providing Plaintiff with a written estimate or written authorization of the cost or performance of repairs as part of its conspiracy with Defendants Best Car and Tyulenev.  Then, Defendant Corsa either continually promised to Plaintiff that the car would be repaired in six to eight weeks or,

2

alternatively, refused to respond to communications from Plaintiff and his requests to obtain his vehicle. These actions deprived Plaintiff of his immediate right to possess the Lamborghini and were also overtly done in concert with the acts of Defendants Best Car and Tyulenev. Plaintiff details these factual allegations *infra*.

For the reasons set forth herein, Defendant Corsa's Motion to Dismiss must be denied in its entirety and Corsa should be ordered to respond to Plaintiff's outstanding written discovery.

## PROCEDURAL HISTORY

Plaintiff incorporates his procedural history outlined in his Memorandum of Law in opposition to Corsa's Motion to Dismiss filed in the Eastern District of Pennsylvania action, a copy of which is attached as Exhibit 1, as supplemented. No. 23-3946, ECF No. 37 (E.D. Pa.).

In the Eastern District of Pennsylvania, Defendant Corsa filed a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim as to the causes of action for conversion and civil conspiracy. No. 23-cv-3946, ECF No. 42. Plaintiff filed a brief to oppose the Motion to Dismiss as to the causes of action for conversion and civil conspiracy and to resolve the issue of personal jurisdiction by requesting a transfer of this action to the U.S. District Court for the District of New Jersey. No. 23-cv-3946, ECF No. 56. Thereafter, the U.S. District Court for the Eastern District of Pennsylvania transferred this action to this Court by Order dated July 11, 2025. Defendant Corsa has since renewed its Motion to Dismiss.

## FACTUAL BACKGROUND[1]

## ARGUMENT

**I.**    ***The Court Should Deny Defendant Corsa's Motion To Dismiss Pursuant To Rule 12(b)(6) Because Plaintiff Has Plausibly Alleged A Claim For Conversion Against Defendant Corsa.***

---

[1] For brevity, Plaintiff incorporates his factual background as outlined in his Memorandum of Law in Opposition to Corsa's Motion to Dismiss filed in the Eastern District of Pennsylvania action. See, Exhibit 1.

The Court should deny Defendant Corsa's motion to dismiss the claim for conversion because Defendant Corsa deprived Plaintiff—the owner of the vehicle—of his immediate right to possess the Lamborghini by disassembling the Lamborghini and refusing to release it to Plaintiff.

In New Jersey, common law conversion is defined as "'the exercise of any act of dominion in denial of another's title to . . . chattels, or inconsistent with such title.'" *Marsellis-Warner Corp. v. Rabens*, 51 F. Supp. 2d 508, 525 (D.N.J. 1999) (quoting *Mueller v. Technical Devices Corp.*, 8 N.J. 201, 207, 84 A.2d 620 (N.J. 1951). "The elements of conversion in New Jersey are: '(a) that the property and right to immediate possession thereof belong to the plaintiff; and (b) the wrongful act of interference with that right by the defendant.'" *Davis v. Connolly*, No. 09-cv-4629 (D.N.J. Feb. 11, 2010) (quoting *First National Bank v. North Jersey Trust Co.*, 14 A.2d 765, 767 (N.J. 1940)).

Here, Defendant Corsa disassembled and retained possession of the Lamborghini without the consent of Plaintiff—the rightful owner—and without other justification. Plaintiff was the registered and titled owner of the Lamborghini and had an immediate right to possession of the car[2] during the entire time the Lamborghini was withheld by Defendant Corsa at its facility in New Jersey. Defendant Corsa had no right to retain the vehicle, perform any repairs to it, or demand that Plaintiff pay it any money for repairs or otherwise because Defendant Corsa did not obtain Plaintiff's written authorization for cost or performance of any repairs and never provided Plaintiff with a written estimate, in violation of New Jersey regulations.[3] Further, Defendant Corsa's disassembly of the vehicle effectively converted it by rendering it useless and undriveable.

---

[2] That the car was financed by Westlake is immaterial to Plaintiff's conversion claim as Plaintiff undoubtedly had an immediate right to possession of the car.

[3] *See* N.J.A.C. § 13.45A-26C.2. Corsa violated the New Jersey Automotive Repair Regulations by failing to obtain written authorization signed by Plaintiff stating the nature of the repair requested or problem presented; by failing to provide Plaintiff with a detailed written estimate setting forth the estimated cost of repair; and by failing to obtain Plaintiff written authorization before commencing repairs.

4

Corsa now raises for the first time the economic loss doctrine. It, however, failed to raise this issue in its Rule 12(b)(6) motion originally filed in the Eastern District of Pennsylvania. It certainly could have, as Pennsylvania also adheres to the economic loss doctrine. Thus, Corsa should be barred from raising it now as a second bite of the proverbial motion to dismiss apple.

Setting Corsa's failure aside, "while the economic loss doctrine generally precludes claims for fraud or conversion in New Jersey when they are tied to contractual obligations, <u>exceptions exist where the fraud or conversion arises from an independent legal duty or is extrinsic to the contract</u>." *Park Lane Mosholu, LLC v. Tr. Ridge Wood*, LLC, 2025 N.J. Super. Unpub. LEXIS 2009 (July 24, 2025) (emphasis added). *See also Mehta v. Hedvat*, 2025 N.J. Super. Unpub. LEXIS 1668 (App. Div. Sept. 4, 2025) (affirming trial court's conclusion that economic loss doctrine did not bar conversion claim); *Escobar v. Mazie*, 2019 N.J. Super. Unpub. LEXIS 2736 (Jan. 12, 2019) (concluding economic loss doctrine did not bar conversion claim).

There is no contractual relationship between Plaintiff and Corsa. Corsa took possession of Plaintiff's car without his permission or knowledge and then refused to release it to Plaintiff. It also disassembled it so that it could not be driven and refusing to reassemble it. Further, Corsa owed an independent duty imposed by state law to Plaintiff by virtue of the New Jersey Automative Repair Regulations. Those regulations are designed to prevent the sort of issues that occurred here. Under New Jersey law, Corsa had an independent duty to provide a written estimate, obtain Plaintiff's written approval, etc. before proceeding with the "repairs." The economic loss doctrine thus does not apply to the conversion claim against Corsa.

## II.   The Court Should Deny Defendant Corsa's Motion To Dismiss Pursuant To Rule 12(b)(6) Because Plaintiff Has Plausibly Alleged A Claim For Civil Conspiracy Against Defendant Corsa Motors.

The Court should deny Defendant Corsa's Motion to Dismiss the claim for civil conspiracy because Plaintiff has plausibly alleged and such can be reasonably inferred by the allegations in

the Second Amended Complaint that Defendants Best Car, Tyulenev, and Corsa engaged in a conspiracy whereby Defendants Best Car and Tyulenev had Plaintiff's Lamborghini transported without authorization to Defendant Corsa's non-authorized repair facility, where the Lamborghini was disassembled and effectively held for ransom despite the car's warranty.

To state a claim for civil conspiracy in New Jersey, a plaintiff must allege: a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong or injury upon another.  *See Banco Popular North America v. Gandi*, 184 N.J. 161, 177, 876 A.2d 253 (2005).

First, Plaintiff has alleged that two or more defendants -- here Defendants Best Car, Tyulenev, and Corsa -- combined to deprive Plaintiff of the benefits of his warranty and the possession of his Lamborghini.  The benefits to each member of the conspiracy were clear: Defendant Best Car could avoid spending money to have the Lamborghini repaired at an authorized Lamborghini repair facility, and Defendant Corsa would benefit by receiving money as demanded from Plaintiff to repair the Lamborghini despite not being an authorized repair facility. Second, Defendant Corsa's overt actions in furtherance of this conspiracy are plausibly established by Defendant Corsa taking possession of the vehicle from non-owner Defendant Best Car, violating the New Jersey regulations by failing to provide Plaintiff with a written estimate or his written authorization for the cost of and performance of the repairs, disassembling Plaintiff's Lamborghini thus rendering it useless without Plaintiff's permission, demanding $15,000 from Plaintiff, and failing to communicate or release the vehicle to Plaintiff.  It is reasonable to infer that Defendant Corsa would only engage in such nefarious and unlawful acts in furtherance of a conspiracy from which it would benefit.

6

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny the

Motion to Dismiss and grant such further relief as the Court deems just and proper.

Dated: <u>April 20, 2026</u>                                  Respectfully submitted,

                                                             **REIDENBACH & ASSOCIATES, LLC**


By:    _____
                                                             William E. Viss, Esq.
                                                             Devon Square 1
                                                             724 W. Lancaster Ave., Suite 215
                                                             Wayne, PA 19087
                                                             (t) (610) 572-7075
                                                             (f) (628) 257-1350
                                                             (e) wviss@reidenbachlaw.com

7