# KAUFMAN|DOLOWICH

Kaufman Dolowich LLP
Court Plaza North
25 Main Street, Suite 500
Hackensack, New Jersey 07601-7086

Telephone: 201.488.6655
Facsimile: 201.488.6652

www.kaufmandolowich.com

**Erik E. Sardiña, Esq.**
**Partner**
**Direct Dial: 201.708.8236**
**Email: esardina@kaufmandolowich.com**

July 22, 2026

**VIA ECF**
The Honorable Elizabeth A. Pascal, Magistrate Judge
United States District Court
District of New Jersey
4th & Cooper Street, Courtroom 5C
Camden, NJ 08101

The Honorable Renée Marie Bumb, Chief Judge
United States District Court
District of New Jersey
44th & Cooper Street, Courtroom 3D
Camden, NJ 08101

> Re:    **Wonderlin v. Best Car N' Care, Inc., et al.**
>        **Case No. 1:25-cv-13234-RMB-EAP**

Dear Chief Judge Bumb and Judge Pascal:

This firm represents Defendant, Corsa Motors, LLC ("Corsa"), in connection with the above-refence matter. We write in response to Plaintiff's July 21, 2026 letter to the Court identifying purported "deficiencies" in Corsa's discovery responses. As set forth below, each of the issues Plaintiff raises has already been addressed, and most could have been resolved without the Court's involvement. Contemporaneously herewith, Corsa has served two detailed responses upon Plaintiff's counsel addressing each alleged deficiency in turn, copies of which are annexed hereto as **Exhibit A and Exhibit B**. [1] We thank the Court for the opportunity to be heard and to provide the Court with additional context regarding the parties' discovery dispute.

As an initial matter, Corsa Motors served amended answers to Plaintiff's 66 interrogatories (inclusive of subparts) on July 17, 2026. In good faith, Corsa Motors addressed Plaintiff's requests for amended answers to expedite this process rather than request the Court strike Plaintiff's interrogatories in excess of the 25 limit imposed by the Federal Rules of Civil Procedure and the Court's scheduling orders in this case. After this good faith effort, Corsa Motors did not hear from Plaintiff again until it filed its letter with the Court yesterday.

We respectfully bring to the Court's attention that Plaintiff filed his letter without any effort to meet and confer beforehand regarding the amened answers. Plaintiff did not call or write to us

---

[1] For purposes of brevity, only the accompanying letters are included herein; the supplemental discovery itself has been omitted.

Wonderim v. Best Car N Care, Inc., et al.
Case No. 1:25-cv-13234-RMB-EAP
July 22, 2026
Page 2

to raise these concerns or to attempt to resolve them in good faith after Plaintiff served amended answers to interrogatories on July 17, 2026, as the rules contemplate. Had Plaintiff done so, this dispute could likely have been narrowed or avoided altogether, without the need to burden the Court.

We further note that several of the concerns Plaintiff now raises appear for the first time in his letter to the Court, and were not mentioned in any prior correspondence between the parties. Corsa has not previously had the opportunity to address these newly raised items. In any event, as explained below and in **Exhibit A**, each of Plaintiff's concerns is either misplaced, based on a misreading of Plaintiff's own discovery requests, or resolved by documents already in Plaintiff's possession.  In fact, some of Plaintiff's latest demands attempt to rewrite its interrogatories on Corsa Motors and ask it to answer different questions than those initially posed as part of the 66 interrogatories inclusive of subparts it served on Corsa Motors.

**Corsa responds to Plaintiff's specific assertions as follows:**

**Interrogatories Nos. 7 and 9.** Plaintiff asserts that Corsa fails to answer basic questions concerning communications between Corsa and Best Car n Care and Oleg Tyulenev. Respectfully, that is not correct. Corsa produced any and all communications between Corsa and Best Car n Care and Oleg Tyulenev, Bates-stamped CORSA 0000001–000023. There are no further responsive documents to produce in Corsa Motors custody and control.

**Interrogatory No. 12.** Plaintiff asserts that Corsa refuses to answer basic questions concerning communications with other parties, including Westlake and FC Kerbeck. Corsa produced any and all communications between Corsa and Westlake and FC Kerbeck, Bates-stamped CORSA 000117–000129. These documents are fully responsive to the request.  There are no further responsive documents to produce in Corsa Motors custody and control.

**Interrogatory No. 18.** Plaintiff contends that Corsa refuses to answer in plain language whether Corsa received Plaintiff's authorization to make repairs to the vehicle prior to commencing work. This characterization misstates the interrogatory as drafted. The interrogatory reads, verbatim:

> Did anyone from Corsa ever contact Plaintiff prior to undertaking repairs to the Lamborghini? If so, state: a. The name, and name and address for former employees, of all Corsa employees who contacted Plaintiff prior to undertaking repairs to his Lamborghini; b. The dates on which Plaintiff was contacted; and c. The specific nature of the discussion which the Corsa employee had with Plaintiff concerning the intended repairs to his Lamborghini.

As drafted, this interrogatory does not ask whether Corsa received Plaintiff's authorization to make repairs prior to commencing work. It asks only whether Corsa contacted Plaintiff and, if so, for certain details of that contact. Corsa answered the question that was actually posed, fully and appropriately. To the extent Plaintiff seeks information regarding authorization, Corsa remains

Wonderin v. Best Car N Care, Inc., et al.
Case No. 1:25-cv-13234-RMB-EAP
July 22, 2026
Page 3

willing to discuss an appropriately framed request. In fact, during Plaintiff's deposition, Plaintiff admitted he placed no limitations on what could be done to obtain the second estimate and understood someone would have to "touch" the vehicle. (62:6–7; 62:12–63:1)

**Interrogatory No. 20.** Plaintiff asserts that Corsa refuses to answer basic questions concerning the full amount of payments Corsa received with respect to the vehicle, and instead refers to documents "to be produced." Those documents have since been produced. Corsa produced all documents pertaining to the payments it received with respect to the vehicle, including copies of the checks it received and wires, Bates-stamped CORSA 000050–000052; 000117; and 000130–000132. This concern is therefore moot.

**The Insurance Policy.** Plaintiff notes that Corsa referenced an insurance policy that has not yet been produced. Although the policy at issue is not within Corsa's possession, custody, or control, Corsa has, in good faith, undertaken extensive efforts to obtain the policy from third parties and has sent Plaintiff said policy.  This item is moot.

**The Privilege Log and "Other Documents."** Finally, Plaintiff references a missing privilege log and unspecified "other documents," including communications with Best Car n Care and/or its representatives. There is no privilege log because no documents have been withheld on the basis of privilege. All documents within Corsa's possession, custody, and control have been produced other than direct correspondence between Corsa Motors and its counsel of record in this case.

In sum, each of Plaintiff's concerns is either answered by documents already in Plaintiff's possession or premised on a misreading of Plaintiff's own discovery requests. Corsa respectfully submits that no relief is warranted, and remains willing to confer in good faith regarding any remaining questions. Corsa respectfully requests that the Court decline to entertain Plaintiff's application absent a good-faith effort to meet and confer as the rules require to avoid unnecessary costs to all parties.  Plaintiff's efforts are indicative of its efforts to drive up costs to Corsa Motors, a small, local repair shop that has never been subject to a lawsuit before.

Finally, we respectfully bring to the Court's attention that Plaintiff himself remains in default of a number of his own discovery obligations, as set forth in detail in Corsa's deficiency letter dated July 20, 2026. (*See* ECF No. 110-1 at 30-33.) Corsa reserves all rights, including the right to seek appropriate relief from the Court should Plaintiff fail to cure those deficiencies. Unlike Plaintiff, however, Corsa Motors will endeavor to meet and confer with Plaintiff before writing the Court.

We thank the Court for its attention to this matter and remain available should the Court have any questions or require anything further.

Wonderlin v. Best Car N' Care, Inc., et al.
Case No. 1:25-cv-13234-RMB-EAP
July 22, 2026
Page 4

Respectfully submitted,
**Kaufman Dolowich LLP**

_s/ Erik E. Sardiña, Esq._
Erik E. Sardiña, Esq.

cc:     All Counsel of Record (via ECF)

# EXHIBIT A

# KAUFMAN|DOLOWICH LLP

## Attorneys at Law

**Kaufman Dolowich LLP**
25 Main Street, Suite 500
Hackensack, New Jersey 07601

40 Exchange Place, 20th Floor
New York, New York 10005

Erik Sardiña, Esq.
*Partner*
esardina@kaufmandolowich.com

Telephone: 201.488.6655
Facsimile: 201.488.6652

KaufmanDolowich.com

July 21, 2026

**<u>Via Electronic Mail</u>**
William E. Viss, Esq.
Devon Square 1
724 W. Lancaster Ave., Ste. 115
Wayne, PA 19087
wviss@reidenbachlaw.com
*Counsel for Plaintiff, Zachary Wonderlin*

> **RE:**  ***<u>Wonderlin v. Best Car N' Care, Inc., et als.</u>***
> Civ. No.1:25-CV-13234-RBM-EAP)

Dear Mr. Viss:

This firm represents Defendant Corsa Motors, LLC ("Corsa"), in the above referenced matter.  I write on behalf of Corsa in response to Plaintiff's letter filed with the Court on July 21, 2026, cataloguing purported "deficiencies" in Corsa's discovery responses.

At the outset, we note what Plaintiff conspicuously omitted from his submission: any effort whatsoever to meet and confer before writing to the Court regarding Plaintiff's amended answers to interrogatories. Plaintiff did not call us. Plaintiff did not write to us. Plaintiff did not raise a single one of these complaints with respect to Corsa Motors' amended answers to interrogatories in any good-faith attempt to resolve them, as the rules plainly require. Instead, Plaintiff elected to manufacture a dispute on paper rather than pick up the telephone.

Compounding this, several of the "deficiencies" Plaintiff now raises appear for the very first time in his letter to the Court, issues never once mentioned in any prior correspondence or communication between the parties. As set forth below, each of Plaintiff's complaints is either flatly wrong, based on a demonstrable misreading of his own discovery requests, or resolved by documents already sitting in Plaintiff's possession.

We address Plaintiff's specific assertions in turn:

**Interrogatories Nos. 7 and 9.** Plaintiff claims that Corsa "again fails to answer basic questions" concerning communications between Corsa and Best Car n Care and Oleg Tyulenev.

This is simply false. Corsa produced any and all communications between Corsa and Best Car n Care and Oleg Tyulenev, Bates-stamped CORSA 0000001–000023. There is nothing further to produce, and repeating the demand does not conjure documents that do not exist in Corsa Motors custody and control.

**Interrogatory No. 12.** Plaintiff asserts that Corsa "refuses to answer basic questions" concerning communications with other parties, including Westlake and FC Kerbeck. Again, incorrect. Corsa produced any and all communications between Corsa and Westlake and FC Kerbeck, Bates-stamped CORSA 000117–000129. The documents speak for themselves.

**Interrogatory No. 18.** Plaintiff contends that Corsa "refuses to answer in plain language" whether Corsa received Plaintiff's authorization to make repairs to the vehicle prior to commencing work. This is a complete misrepresentation of the interrogatory Plaintiff himself drafted. The interrogatory reads, verbatim:

> Did anyone from Corsa ever contact Plaintiff prior to undertaking repairs to the Lamborghini? If so, state: a. The name, and name and address for former employees, of all Corsa employees who contacted Plaintiff prior to undertaking repairs to his Lamborghini; b. The dates on which Plaintiff was contacted; and c. The specific nature of the discussion which the Corsa employee had with Plaintiff concerning the intended repairs to his Lamborghini.

Nowhere does this interrogatory ask whether Corsa received Plaintiff's *authorization* to make repairs prior to commencing work. Plaintiff cannot rewrite his interrogatory after the fact and then fault Corsa for answering the question that was actually posed. Corsa responded to Interrogatory No. 18 fully and appropriately. If Plaintiff wished to ask about authorization, he should have drafted an interrogatory that did so. In fact, during Plaintiff's deposition, he admitted he placed no limitations on his authorization as to what could be done to obtain the second estimate and understood someone would have to "touch" the vehicle. (62:6–7; 62:12–63:1)

**Interrogatory No. 20.** Plaintiff claims that Corsa "refuses to answer basic questions" concerning the full amount of payments Corsa received with respect to the vehicle, and instead "refers loosely" to documents "to be produced." Those documents have, in fact, been produced. Corsa produced all documents pertaining to the payments it received with respect to the vehicle, Bates-stamped CORSA 000050–000052; 000117; and 000130–000132. Plaintiff's protest is thus moot.

**The Insurance Policy.** Plaintiff notes that Corsa referenced an insurance policy that has not yet been produced. Corsa is not presently in possession of the policy, and therefore could not have produced it. We have already requested the policy from the carrier and will produce it promptly upon receipt. Corsa cannot produce what it does not have.

**The Privilege Log and "Other Documents."** Finally, Plaintiff complains of a missing privilege log and unspecified "other documents," including communications with Best Car n Care and/or its representatives. There is no privilege log because nothing has been withheld on the basis

2

of privilege other than communications with its counsel.  Is Plaintiff requesting a privilege log for communications between Corsa Motors and its attorney, especially given that Plaintiff has not produced such a log in response to discovery?

In sum, each of Plaintiff's concerns is either answered by documents already in Plaintiff's possession or premised on a misreading of Plaintiff's own discovery requests. We remain willing to confer in good faith regarding any remaining questions, and we would encourage Plaintiff to do so before seeking relief from the Court.

Finally, we would be remiss not to note that Plaintiff himself remains in default of a number of his own discovery obligations, as set forth in detail in Corsa's deficiency letter dated July 20, 2026. We ask that Plaintiff promptly cure those deficiencies, and we reserve all rights, including the right to seek relief from the Court should he fail to do so.

Sincerely,

**KAUFMAN DOLOWICH, LLP**

By: ___ /s/ *Erik Sardiña, Esq.* _____
　　　Erik Sardiña, Esq.

3

# EXHIBIT B

# KAUFMAN DOLOWICH LLP

**Attorneys at Law**

---

**Kaufman Dolowich LLP**
25 Main Street, Suite 500
Hackensack, New Jersey 07601

40 Exchange Place, 20th Floor
New York, New York 10005

Telephone: 201.488.6655
Facsimile: 201.488.6652

KaufmanDolowich.com

Erik Sardiña, Esq.
*Partner*
esardina@kaufmandolowich.com

July 22, 2026

**Via Electronic Mail**
William E. Viss, Esq.
Devon Square 1
724 W. Lancaster Ave., Ste. 115
Wayne, PA 19087
wviss@reidenbachlaw.com
*Counsel for Plaintiff, Zachary Wonderlin*

RE:    **Wonderlin v. Best Car N' Care, Inc., et als.**
Civ. No.1:25-CV-13234-RBM-EAP)

Dear Mr. Viss:

This firm represents Defendant Corsa Motors, LLC ("Corsa"), in the above referenced matter. Please be advised that Corsa is serving supplemental documents responsive to discovery demands. This supplemental production consists of documents Bates stamped CORSA 000138 – CORSA 000210. Although the policy was not within Corsa's possession, custody, or control, Corsa has, in good faith, undertaken extensive efforts to obtain the policy from third parties. Accordingly, we respectfully request that you withdraw your letter to the Court regarding Corsa's purported discovery deficiencies.

Please further be advised that the policy has been produced with the premium values redacted, as it is a third-party document containing proprietary pricing information. To the extent Plaintiff requests an unredacted version of the policy that includes the pricing information, the parties would first need to enter into an appropriate protective order and confidentiality/designation order to safeguard this proprietary information. Please let us know how you wish to proceed.

Sincerely,

**KAUFMAN DOLOWICH, LLP**

By: ___/s/ *Erik Sardiña, Esq.*_____
Erik Sardiña, Esq.