[ECF No. 110]

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| **JOHN ZACKARY GILBRIDGE-WONDERLIN,**<br><br>    **Plaintiff,**<br><br> **v.**<br><br>**BEST CAR N' CARE, INC., et al.,**<br><br>    **Defendants.** | **Civil No. 25-13234 (RMB/EAP)** |

**DISCOVERY DISPUTE ORDER**

Having received and reviewed the parties' letters raising a variety of discovery disputes, *see* ECF Nos. 106 (Pl.'s July 1, 2026 Ltr.); ECF No. 108 (Def. Corsa Motors, LLC's July 7, 2026 Ltr.); ECF No. 110 (Pl.'s July 21, 2026 Reply); ECF No. 111 (Def. Corsa Motors, LLC's July 23, 2026 Surreply); and the Court having construed Plaintiff's July 21, 2026 letter, ECF No. 110, as a Motion to Compel Discovery and for Leave to File a Motion for Sanctions; and the Court having held a discovery dispute conference on these Motions on **July 23, 2026**; and the Court noting the following appearances: **William E. Viss, Esquire**, appearing on behalf of Plaintiff; **Eric E. Sardiña, Esquire**, appearing on behalf of Defendant Corsa Motors, LLC ("Corsa"); **Howard W. Donahue, Jr., Esquire,** appearing on behalf of Defendant Westlake Services LLC; and **Richard M. Pescatore, Esquire**, appearing on behalf of Defendant F.C. Kerbeck & Sons d/b/a Lamborghini Palmyra; and for good cause shown;

**IT IS** this **23rd** day of **July 2026**, hereby **ORDERED**:

1. Plaintiff's Motion to Compel Discovery, ECF No. 110, is **GRANTED IN PART and DENIED IN PART** as follows:

  **a. Interrogatory Nos. 7 and 9**

    i. No later than **August 6, 2026**, Defendant Corsa shall provide a certified response affirming that it has produced all responsive documents and does not have in its possession, custody, or control any additional documents responsive to these requests.

  **b. Interrogatory No. 12**

    i. The Court sustains Defendant Corsa's objection to this interrogatory as overly broad. Without waiving its objection, no later than **August 6, 2026**, Defendant Corsa shall provide a certified response affirming that it has produced all responsive documents and does not have in its possession, custody, or control any additional documents responsive to this request.

c. **Interrogatory No. 18**

    i. No later than **August 6, 2026**, Defendant Corsa shall provide a complete response to this interrogatory. Defendant Corsa shall identify any documents responsive to this request by Bates number.

d. **Interrogatory No. 20**

    i. No later than **August 6, 2026**, Defendant Corsa shall provide a complete response to this interrogatory, including a single calculation representing the total payments Defendant Corsa received with respect to the subject vehicle at the center of this litigation.

e. **Insurance Policy**

    i. Plaintiff's request for a copy of Defendant Corsa's third-party insurance policy is **DENIED AS MOOT**.

f. **Documents Withheld On Any Basis**

    i. To the extent that Defendant Corsa withheld documents on any basis, no later than **August 6, 2026**, Defendant Corsa shall so certify, and provide a privilege log reflecting which documents were withheld and on what basis.

g. **Defendant Corsa's Phone Records**

    i. Plaintiff's request for Defendant Corsa's phone records is **DENIED** based on counsel's representation that they are not in Defendant Corsa's possession, custody, or control.

2. Plaintiff's Motion for Leave to File Sanctions, ECF No. 110, is **DENIED**.

3. The Court will address the parties' revised case management schedule in a separate order.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                    s/Elizabeth A. Pascal
                    ELIZABETH A. PASCAL
                    United States Magistrate Judge

cc: Hon. Renée M. Bumb, U.S.D.J.