# KAUFMAN|DOLOWICH

Kaufman Dolowich LLP
Court Plaza North
25 Main Street, Suite 500
Hackensack, New Jersey 07601-7086

Telephone: 201.488.6655
Facsimile: 201.488.6652

www.kaufmandolowich.com

**Erik E. Sardiña, Esq.**
**Partner**
**Direct Dial:  201.708.8236**
**Email: esardina@kaufmandolowich.com**

August 10, 2026

**VIA ECF**
The Honorable Elizabeth A. Pascal, U.S.M.J.
United States District Court
District of New Jersey
44th & Cooper Street, Courtroom 5C
Camden, NJ 08101

> **Re:**   **Wonderlin v. Best Car N' Care, Inc., et al.**
> **Case No. 1:25-cv-13234-RMB-EAP**

Dear Chief Judge Pascal:

This firm represents Defendant, Corsa Motors, LLC ("Corsa"), in connection with the above-refence matter. We write in accordance with the Court's directive setting August 6, 2026 as the last day for the parties to meet and confer regarding outstanding discovery issues, and August 10, 2206 to advise the Court of the status of those efforts. (*See* ECF No. 112.)

Counsel for all parties attended a meet-and-confer conference regarding the parties' outstanding discovery obligations. Prior, Corsa served Plaintiff with discovery deficiency letters dated July 17, 2026 and July 31, 2026, which outlined the multiple discovery issues that were addressed during the status conference held before the Court on July 23, 2026.

During the meet and confer, counsel for Plaintiff advised that he could not provide responses to any of the outstanding discovery—including, but not limited to, full and complete text message chains, audio recordings, and all correspondence between Plaintiff and Best Car—because he is presently unable to make contact with his client, the Plaintiff. In light of this, the parties have ongoing discovery disputes which are outlined in further detail below.

Given the current posture of this matter, Defendant respectfully requests that, at the status conference scheduled for September 10, 2026 and/or at the hearing on the pending motion for withdrawal of counsel for Plaintiff, the Court set reasonable timelines governing (1) the date by which new counsel must appear on behalf of Plaintiff, and (2) the date by which the outstanding discovery identified in Corsa's July 17 and July 31, 2026 deficiency letters must be produced.

## I.    Corsa's Issued Certification per the Court's July 27, 2026 Order (ECF No. 111)

In accordance with the Court's July 27th Order, Corsa served certified responses affirming that it has produced all responsive documents and does not possess, have custody of, or control

any additional documents responsive to Interrogatory Nos. 7, 9, 12, 18, and 20. Accordingly, no discovery remains outstanding from Corsa.

**II.      Outstanding Discovery from Plaintiff to Corsa**

None of the discovery requests or deficiencies set forth below are being raised for the first time. To the contrary, Corsa propounded the discovery at issue and has repeatedly brought the deficiencies identified herein to Plaintiff's attention on numerous occasions over the past several months. These efforts include, but are not limited to, multiple telephone conferences with Plaintiff, Plaintiff's deposition conducted on June 23, 2026, several court status conferences, and written correspondence forwarded to Plaintiff by letter dated July 17, 2026, July 22, 2026, and July 31, 2026.

A.  Outstanding Interrogatory Responses from Plaintiff to Corsa[1]

**Interrogatory Nos. 3, 4, 5, 6, and 23**. Plaintiff's responses consist of boilerplate objections and improper references to unspecified document productions. As defined in Instruction No. 13, the term "identify," as applied to each communication, requires Plaintiff to provide:

a.  the identity and present address of each participant to the communication;
b.  a detailed description of the subject matter of the communication;
c.  whether any writings or notes were created;
d.  the substance of what was said by each participant; and
e.  the date of the communication.

Plaintiff has provided none of the required information and must supplement these responses accordingly.

**Interrogatory No. 20**. Interrogatory No. 20 simply asks the Plaintiff to identify all contracts, agreements or warranties he contends are relevant to the events of the Complaint.  Rather than identify those things, Plaintiff improperly directs Corsa to the Second Amended Complaint in lieu of a sworn, substantive answer. Plaintiff must identify each contract, agreement, or warranty relevant to the claims and defenses in this action and, for each, state the date, the parties involved, and the terms.

**Interrogatory No. 21**. The interrogatory requests Plaintiff to describe in detail the damages Plaintiff claimed to have suffered including the nature, amount, method of calculation, and to identify the documents that support its element of damages. Plaintiff merely cross-references his response to Interrogatory No. 1, which contains an incomplete damages chart. Plaintiff must provide a complete damages analysis, including the nature of each category of damages, the amount claimed (including categories currently designated "TBD"), the methodology and assumptions underlying each calculation, and identification of all documents supporting each element of damages.

---

[1] Plaintiff's answers to Corsa's Interrogatories are attached hereto as Exhibit A.

2

B.  <u>Outstanding Document Production — Request for Production Nos. 3, 4, 8, 9, 17, 18, and 19[2]</u>

Plaintiff's production of responsive text-message communications is incomplete and have been altered as Plaintiff testified. Corsa requested all text messages and electronic communications between Plaintiff and Corsa, Best Car, Westlake, and FC Kerbeck, in their entirety, yet Plaintiff produced only partial excerpts, selective screenshots, and messages interspersed with narrative or attorney-added characterization.

At his deposition, Plaintiff admitted that the text messages between himself and Cosmo that he produced in his document production were not native or complete message threads, but rather items that he had manually cut and pasted together. Plaintiff further acknowledged that, in the course of assembling those messages, he may have omitted portions of the correspondence between himself and Cosmo. (*See* Pl.'s Dep. Tr. at 105:11–106:6.) Plaintiff also testified that certain text messages are absent from his document production as a result of a "copy and pasting error." (*See* Pl.'s Dep. Tr. at 106:18–107:2.) Finally, Plaintiff conceded that, because the produced materials do not reflect complete copies of the correspondence between Plaintiff and Cosmo, his document production "must not be complete." (*See* Pl.'s Dep. Tr. at 107:10–18.)

Plaintiff must supplement his production to include:

1.  **A complete and continuous production of all text-message threads between Plaintiff and Corsa, Best Car, Westlake, and FC Kerbeck;**
3.  **The production of such messages without any narrative summaries, attorney annotations, selective excerpting, or editorial formatting that alters the appearance or context of the communications.**
4.  **A certification from Plaintiff confirming the completeness of any supplemental production.**

C.  <u>Additional Documents Identified at Plaintiff's June 23, 2026 Deposition</u>

During his deposition, Plaintiff identified additional categories of documents that have not been produced or were produced incompletely. Corsa requests that Plaintiff supplement his production to include:

1.  **All emails, correspondence, and other communications between Plaintiff and Best Car N' Care relating to the subject vehicle;**
2.  **All emails and correspondence between Plaintiff and Westlake relating to the subject vehicle, to the extent not previously produced;**
3.  **A complete copy of the audio recording Plaintiff testified he made of a telephone conversation with Westlake, to the extent not already produced;**
4.  **A complete and unaltered copy of the text-message chain between Plaintiff and Oleg/Best Car, from April 8, 2022 through the present;**

---

[2]  Plaintiff's answers to Corsa's Request for Production are attached hereto as Exhibit B.

5. **Copies of all previously produced text-message screenshots without any handwritten notes, typed commentary, annotations, markings, or other alterations;**
6. **A copy of the text message sent or received at approximately 3:27 p.m. on April 15, which appears to be absent from the production;**
7. **Complete copies of the text-message conversations reflected in exhibits where portions appear cut off, omitted, misaligned, or otherwise incomplete, including but not limited to the conversations identified during the deposition as P78 and P80;**
8. **A complete and continuous copy of all communications contained within the Cosmo/Corsa text-message chain from inception through the present; and**
9. **Plaintiff's signed verification or certification page relating to his interrogatory answers, to the extent not already produced.**

## III.    Outstanding from Plaintiff to FC Kerbeck

FC Kerbeck has requested all emails and text messages within Plaintiff's possession, custody, or control. To the extent no responsive emails or additional text messages exist, FC Kerbeck respectfully requests that the Court direct Plaintiff to amend his discovery responses to so confirm. The application to be relieved as counsel should in no way contribute to any further delay. Given the limited volume of text messages produced to date, coupled with Plaintiff's own testimony that his communications with Best Car and Oleg occurred primarily by text, it is difficult to reconcile the sparse production with the record. If responsive messages once existed and have since been deleted, Plaintiff should be required to confirm as much, particularly with respect to the communications surrounding Exhibit P-78, which FC Kerbeck asserts is undoubtedly related to the claim against it.

## IV.    Plaintiff's Position

Plaintiff disagrees with Defendants' characterizations and disagrees with the arguments Defendants have made and reserves all rights with respect there to.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

The parties thank the Court for its attention to this matter and remain available at the Court's convenience should Your Honor have any questions or require any additional information.

Respectfully submitted,
**Kaufman Dolowich LLP**

_____
Erik E. Sardiña, Esq.

4