# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHN ZACKARY GILBRIDGE-WONDERLIN :**<br>          *Plaintiff,*          **:**<br>**v.**          **:**<br>          **:**<br>**BEST CAR N' CARE, INC.,** *ET AL.*          **:**<br>          *Defendants.*          **:**<br>          **:** | **CIVIL ACTION**<br>**1:25-CV-13234-RBM-EAP**<br><br>**PLAINTIFF'S ANSWERS TO**<br>**DEFENDANT CORSA MOTORS**<br>**LLC'S INTERROGATORIES** |

Plaintiff, John Zackary Gilbridge-Wonderlin ("Plaintiff"), by and through his attorneys, Reidenbach & Associates, LLC, hereby object and respond to the Interrogatories of Defendant, Corsa Motors, LLC ("Defendant" or "Corsa"), and responds as follows:

**GENERAL OBJECTIONS**

Plaintiff objects to the extent that the Interrogatories seek information that is beyond the scope of discovery provided by the Federal Rules of Civil Procedure or the Local Rules of the District of New Jersey.  Plaintiff objects to the extent that the Interrogatories seek to discover information that is not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the instructions set forth in the Interrogatories to the extent that they improperly expand or alter the obligations imposed by the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Court for the District of New Jersey.  Plaintiff objects to the definitions associated with the Interrogatories to the extent they improperly attempt to alter the plain meaning of certain words.

Plaintiff objects to the extent that the Interrogatories purport to require Plaintiff to admit matters or produce information not within Plaintiff's personal knowledge and as to which Plaintiff is incapable of admitting or producing.  Plaintiff objects to the extent that the Interrogatories seek information solely in the possession, custody, or control of third parties, including Defendant.

Plaintiff objects to the extent that the Interrogatories do not state with the required degree of specificity and particularity the information sought or the matter about which the Plaintiff is being asked to admit or provide information.  Plaintiff objects to the extent that responding to the Interrogatories would subject Plaintiff to annoyance, oppression, undue burden and/or expense, and to the extent the Requests are vague, indefinite, ambiguous, overly broad and not susceptible to easily discernible meaning, requiring Plaintiff to guess as to what matter they are being asked to admit and what information they are being asked to provide.

Plaintiff objects to any implications and to any explicit or implicit characterization of the facts, events, circumstances, or issues in the Interrogatories.  Any answer by Plaintiff is not intended to indicate that Plaintiff agrees with any such implications or characterizations or that such implications or characterizations are relevant to this litigation.

Plaintiff objects to the extent that the Interrogatories seeks information that is protected by attorney-client privilege, the attorney work product doctrine, the executive or deliberative process privilege and/or any other legally recognized privilege and/or immunity.  Plaintiff objects to the extent the Interrogatories seek information and documents prepared in anticipation of litigation and/or for trial and/or the mental impressions, conclusions, opinions and/or legal theories of an individual attorney, the law firm of Reidenbach & Associates, LLC, or any other representative of Plaintiff concerning such litigation.  In the event that privileged information is ever produced by Plaintiff in connection with this litigation, such production will be deemed inadvertent and does not constitute waiver of any privilege.

Plaintiff objects to the overly burdensome and duplicative nature of Defendant's Interrogatories.

Plaintiff objects to Defendant's Interrogatories to the extent that they improperly seek to impose a duty or obligation upon Plaintiff, contractually, at law, or otherwise.

Plaintiff objects to Defendant's Interrogatories to the extent that they seek documents which are already in the possession of Defendant, or which are readily available to Defendant.

Plaintiff's answers are made without waiving or intending to waive: (i) any objections as to the competency, relevance, materiality, privilege or admissibility as evidence, for any purpose of any information produced in response to the Interrogatories; (ii) the right to object on any ground to the use of the information produced in response to the Interrogatories at any hearing or trial; or (iii) the right to object on any ground at any time to a demand for further responses to the Interrogatories.  Plaintiff reserves the right to supplement their responses to these Interrogatories.

All of Plaintiff's General Objections are incorporated by reference with Plaintiff's answers set forth below as though same were fully set forth at length therein.

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO
DEFENDANT'S INTERROGATORIES**

Without any waiver of the foregoing, the Plaintiff responds as follows:

1. Describe in detail the nature of all injuries claimed to have been suffered by Plaintiff.

**ANSWER: Objection. The term "injuries" is not adequately defined within the scope and context of the Interrogatory. By way of further response and without waiver of any objections, Plaintiff has sustained the following monetary damages:**

| ELEMENT OF DAMAGE | DAMAGES SUSTAINED |
|---|---|
| Vehicle Down Payment | $190,000.00 |
| | |
| Delivery Fee | $1,000.00 |
| | |
| Garage Rental for Vehicle Storage | $4,200.00 |
| | |
| Engine Repair Costs | $133,463.26 |
| | |

| | |
|---|---|
| Total Vehicle Payments | $19,952.96 |
| | |
| Attorneys' Fees and Costs | $TBD |
| | |
| Refund of Excess Auction Sales Proceeds | ($65,549.75) |
| | |
| SUBTOTAL: | $TBD |
| | |
| Treble Damages | $TBD |
| | |
| **TOTAL:** | **$TBD** |
| | |

**Furthermore, Plaintiff is entitled to statutory interest to be determined at the time of judgment in his favor.**

**Discovery and investigation are ongoing. Plaintiff reserves the right to supplement this response up to and including the time of trial.**

2.      State the names and addresses of all persons who have knowledge of any facts relating to this case.

**ANSWER: <u>See</u> Plaintiff's response to Interrogatory No. 13.**

3.      Identify all communications between Corsa Motors and Plaintiff.

**ANSWER: Objection. This Interrogatory is overly broad and unduly burdensome, and Corsa already has all communications between Corsa and Plaintiff.  By way of further responses, <u>see</u> documents being produced contemporaneously with Plaintiff's Response to Corsa's First Request for Production of Documents.**

4.      Identify all communications between You and defendant Best Car N' Care, Inc.

**ANSWER: Objection. This Interrogatory is overly broad and unduly burdensome. By way of further responses, <u>see</u> documents being produced contemporaneously with Plaintiff's Response to Corsa's First Request for Production of Documents.**

5.      Identify all communications between You and defendant Westlake Services, Llc D/B/A Westlake Financial Services.

4

**ANSWER: Objection. This Interrogatory is overly broad and unduly burdensome. By way of further responses, <u>see</u> documents being produced contemporaneously with Plaintiff's Response to Corsa's First Request for Production of Documents.**

6.      Identify all communications between You and defendant Kerbeck & Sons D/B/A Lamborghini Palmyra.

**ANSWER: Objection. This Interrogatory is overly broad and unduly burdensome. By way of further responses, <u>see</u> documents being produced contemporaneously with Plaintiff's Response to Corsa's First Request for Production of Documents.**

7.      Identify the phone(s) you used to communicate with any of the defendants in this action between March 1, 2022 to the present by brand, model number, and serial number.

**ANSWER: Objection. The type of phone(s) Plaintiff used to communicate with the Defendants in this action is irrelevant, immaterial and unlikely to lead to the discovery of admissible evidence.**

8.      Identify your wireless phone account(s) from March 1, 2022 to the present by provider and account number.

**ANSWER:  Objection.  The information sought by this Interrogatory is irrelevant, immaterial, and unlikely to lead to the discovery of admissible evidence.**

**Subject to and without waiver of the foregoing objections, Plaintiff's telephone number is 856-761-7206.**

9.      Set forth any admissions Plaintiff claims have been made by Corsa Motors, including the admission, the date and the person(s) making the admissions.

**ANSWER: To the best of Plaintiff's knowledge, none at this time. Discovery and investigation are ongoing. Plaintiff reserves the right to supplement this response up to and including the time of trial.**

10.     If Plaintiff claims that Corsa Motors violated a statute, rule or regulation, and that such violation caused plaintiff's damages, state the exact title and section of the alleged statute, rule or regulation.

**ANSWER: Yes.**

**N.J. Rev. Stat. § 2C:20-3 (2022) – Theft by Unlawful Taking or Disposition**
**N.J.A.C. § 13:45A-26C.2 – General Provisions – Repair Shop**
**N.J.A.C. § 56:8-2 New Jersey Consumer Fraud Act**

11.     State the name and address of any and all proposed expert witnesses, and provide Rule 26 expert disclosure, including the expert report.

**ANSWER: Objection. This Interrogatory improperly seeks to discover expert opinion and testimony in violation of the Federal Rules of Civil Procedure and any appliable scheduling order. By way of further response and without waiver of any objections, no decisions have been made concerning the retention of experts and whether such experts would be called to testify at the time of trial. Plaintiff reserves the right to supplement this response in accordance with the Court's scheduling or case management order governing expert witnesses.**

12. State whether Plaintiff has ever been convicted of a crime. If so, set forth the date(s), the offense(s), and the locale of conviction.

**ANSWER:  Objection. This Interrogatory seeks information which is irrelevant, immaterial and unlikely to lead to the discovery of admissible; further, such information would be available to Corsa as a public record. By way of further response and without waiver of any objections, no.**

13. Identify all persons with knowledge of any facts alleged in the Complaint, including their names, addresses, phone numbers, and the subject matter of their knowledge.

**ANSWER: Objection. As phrased, this Interrogatory seeks information protected by attorney-client privilege and the work product doctrine. By way of further responses and without waiver of any objections:**

- **Zack Wonderlin – facts concerning the sale of the vehicle, Kerbeck's unauthorized release of the Lamborghini to Defendant Corsa Motors.**
- **Designated Representative of Westlake – to testify concerning Westlake's policies and procedures in connection with Plaintiff's purchase and Westlake's failure to adhere to its own written policies and procedures.**
- **Underwriter Assigned to Financing for Plaintiff's Vehicle – to testify concerning the underwriting procedures concerning the financing provided to Plaintiff and his/her failure to adhere to Westlake's written policies and procedures.**
- **Frank Kerbeck, Owner – facts concerning the unauthorized release of Plaintiff's Lamborghini to an unauthorized third-party without first obtaining Plaintiff's specific written authorization to do so.**
- **Service Manager, FC Kerbeck  - facts concerning the unauthorized release of Plaintiff's Lamborghini to an unauthorized third-party without first obtaining Plaintiff's specific written authorization to do so.**

- **Cosmo Lisica, Owner, Corsa Motors – the unauthorized transfer of Plaintiff's vehicle, refusing to release Plaintiff's vehicle and adhering Plaintiff's directive not to undertake any repairs, attempting to back-door purchase Plaintiff's Lamborghini from Defendant Westlake while it was being held hostage at Corsa Motors, and the release of Plaintiff's vehicle to Westlake.**
- **Service Manager, Corsa Motors – repairs made to Plaintiff's vehicle refusing to release Plaintiff's vehicle and adhering Plaintiff's directive not to undertake any repairs, and the release of Plaintiff's vehicle to Westlake.**
- **Robert Jonathan Whoriskey, Florida Department of Highway Safety and Motor Vehicles – investigation of Best Car and Oleg Tyulenev concerning the sale and purchase of Plaintiff's vehicle.**
- **Oleg Tyulenev, Former Owner of Best Car n' Car – facts concerning the sale of the vehicle to Plaintiff**

**Discovery and investigation are ongoing. Plaintiff reserves the right to supplement this response up to and including the time of trial.**

14.     Describe in detail the circumstances of your purchase of the 2013 Lamborghini Aventador, including the date of purchase, purchase price, seller, location, and all terms and conditions of the sale.

**<u>ANSWER</u>: Objection. This Interrogatory is overly broad and unduly burdensome. By way of further response and without way of any objections, <u>see</u> Plaintiff's Second Amended Complaint, specifically ¶¶ 26-48, which succinctly details the circumstance of the purchase.**

15.     Describe each problem, defect, or malfunction you contend the 2013 Lamborghini Aventador had at the time of or after delivery, including the date and circumstances under which each problem was discovered, and identify all persons who observed or inspected the problem.

**<u>ANSWER</u>: Objection. This Interrogatory is leading. Furthermore, this Interrogatory seeks information which is already known by the propounding Defendant. By way of further response and without waiver of any objections, Plaintiff was not aware of any defects at the time of delivery. Plaintiff subsequently learned from Defendant F.C. Kerbeck that there were eight open recalls on the vehicle. Paragraph 55 of Plaintiff's Second Amended Complaint sets forth the nature of the open recalls and the date first discovered. Thereafter, on or about April 18, 2022, Defendant Kerbeck advised Plaintiff of a mechanical issue which causes coolant to enter the engine.**

16.     Identify and describe all efforts you made to have the 2013 Lamborghini Aventador repaired, including the dates, names, and addresses of all facilities, mechanics, or dealers, the nature of the work requested, and the outcome of each request.

**ANSWER: Plaintiff intended to have his vehicle repaired by Defendant Kerbeck. However, Kerbeck, without the written authorization of Plaintiff, transferred the vehicle to Defendant Corsa Motors, at the request of Best Car who was not the titled owner of the vehicle and had no ownership interest in the vehicle. Defendant Corsa refused to provide Plaintiff with any information concerning the nature of the repairs. Upon information and belief, Defendant Corsa was well aware that Mr. Wonderlin was the titled owner of the vehicle since his vehicle registration was in the vehicle and readily accessible to Defendant Corsa at the time of the fraudulent delivery.**

**Plaintiff avers that Defendant Corsa never had any intention of making repairs to the vehicle. Instead, Defendant Corsa, despite knowing that Mr. Wonderlin was the titled owner of the vehicle, attempted an end-around and sought to purchase the vehicle directly from Defendant Westlake, who provided the vehicle financing.**

**Eventually, the vehicle was repossessed by Defendant Westlake after Corsa extorted $43,381.17 in order to get Defendant Corsa to release Plaintiff's vehicle to Westlake.**

17.    State in detail the circumstances under which the 2013 Lamborghini Aventador was transferred from one repair facility to another, including who authorized the transfer, the date, and the purpose.

**ANSWER: <u>See</u> Plaintiff's response to Interrogatory No. 16.**

18.    Explain in detail the circumstances of the repossession of the 2013 Lamborghini Aventador, including any communications you had with the lender, repossession company, or auction house, and all amounts received by you or on your behalf from the sale of the 2013 Lamborghini Aventador.

**ANSWER: Objection. This Interrogatory is overly broad and unduly burdensome. By way of further response and without waiver of any objections, <u>see</u> Plaintiff's response to Interrogatory No. 16. Also see, Plaintiff's Second Amended Complaint and Plaintiff's Response to Defendant Corsa's First Request for Production of Documents.**

19.    Describe in detail any claim you contend you still have to the surplus funds following the auction of the 2013 Lamborghini Aventador, and state all facts supporting such a claim.

**ANSWER:  Plaintiff's claim for surplus funds from the auction has been settled.**

20.    Identify all contracts, agreements, or warranties you contend are relevant to the transactions or occurrences alleged in the Complaint. For each, state the date, parties, and terms.

8

**ANSWER: Objection. This Interrogatory is overly broad and unduly burdensome. Furthermore, it seeks information which is already known by the propounding Defendant. By way of further response and without waiver of any objections, <u>see</u> Plaintiff's Second Amended Complaint**

21.    Describe in detail all damages you claim to have suffered, including the nature, amount, method of calculation, and all documents supporting each element of damages.

**ANSWER: <u>See</u> Plaintiff's response to Interrogatory No. 1.**

22.    Identify all insurance policies that may provide coverage for the damages alleged in your Complaint, including insurer, policy number, effective dates, and type of coverage.

**ANSWER:  By way of further response, Defendant Corsa Motors submitted a claim to its carrier, American Zurich Insurance Company, Claim No. 136002563. <u>Also</u> <u>see</u> correspondence between Plaintiff's counsel and American Zurich produced in response to Corsa's Request for Production of Documents.  Discovery and investigation are ongoing. Plaintiff reserves the right to supplement this response up to and including the time of trial.**

23.    Identify any communications you had with any defendant, dealer, lender, repair facility, or auctioneer concerning the 2013 Lamborghini Aventador, its repairs, repossession, or sale.

**ANSWER: Objection. This Interrogatory is essentially duplicative of Interrogatory Nos. 3-6. Furthermore, the information sought by this Interrogatory is succinctly set forth in detail in Plaintiff's Second Amended Complaint.**

24. State with specificity all facts supporting your claim for Conversion against Corsa Motors.

**ANSWER: Defendant Corsa, despite Plaintiff's repeated requests, refused to return the vehicle to the Plaintiff even though Defendant was well aware that Mr. Wonderlin was the titled owner of the vehicle. As a result of this scheme, Defendant Corsa was able to extort $43,381.17 from Westlake prior Corsa releasing the vehicle to Westlake.**

**Discovery and investigation are ongoing. Plaintiff reserves the right to supplement this response up to and including the time of trial.**

25.     State with specificity all facts supporting your claim that Corsa Motors "conspired" with defendants "Best Car [and] Tyulenev" "in order to have leverage to require Plaintiff to pay for the repairs" as alleged in paragraph 348 of the Complaint.

**ANSWER:  <u>See</u> ¶¶ 349-356 of Plaintiff's Second Amended Complaint. <u>Also</u> <u>see</u> Plaintiff's response to Interrogatory No. 24.**

**Discovery and investigation are ongoing. Plaintiff reserves the right to supplement this response up to and including the time of trial.**