# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN ZACKARY GILBRIDGE-WONDERLIN : | CIVIL ACTION |
| *Plaintiff,* : | 1:25-CV-13234-RBM-EAP |
| v.  : | |
| : | PLAINTIFF'S ANSWERS TO |
| BEST CAR N' CARE, INC., *ET AL*.  : | DEFENDANT CORSA MOTORS |
| *Defendants.* : | LLC'S REQUEST FOR |
| : | PRODUCTION |

Plaintiff, John Zackary Gilbridge-Wonderlin ("Plaintiff"), by and through his attorneys, Reidenbach & Associates, LLC, hereby objects and responds to the Request for Production of Documents of Defendant, Corsa Motors, LLC ("Defendant" or "Corsa") ("Request" or "Requests"), and responds as follows:

## GENERAL OBJECTIONS

Plaintiff objects to the extent that the Requests seek information that is beyond the scope of discovery provided by the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Court for the District of New Jersey. Plaintiff objects to the extent that the Requests seek to discover information that is not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the instructions set forth in the Request for Production to the extent that they improperly expand or alter the obligations imposed by the Federal Rules of Civil Procedure or the Local Rules of the District of New Jersey. Plaintiff objects to the definitions associated with the Requests to the extent they improperly attempt to alter the plain meaning of certain words.

Plaintiff objects to the extent that the Requests purport to require Plaintiff to admit matters or produce information not within Plaintiff's personal knowledge and as to which Plaintiff is incapable of admitting or producing. Plaintiff objects to the extent that the Requests seek information solely in the possession, custody, or control of third parties, including Defendant.

Plaintiff objects to the extent that the Requests do not state with the required degree of specificity and particularity the information sought or the matter about which the Plaintiff is being asked to admit or provide information.  Plaintiff objects to the extent that responding to the Requests would subject Plaintiff to annoyance, oppression, undue burden and/or expense, and to the extent the Requests are vague, indefinite, ambiguous, overly broad and not susceptible to easily discernible meaning, requiring Plaintiff to guess as to what matter they are being asked to admit and what information they are being asked to provide.

Plaintiff objects to any implications and to any explicit or implicit characterization of the facts, events, circumstances, or issues in the Requests.  Any answer by Plaintiff is not intended to indicate that Plaintiff agrees with any such implications or characterizations or that such implications or characterizations are relevant to this litigation.

Plaintiff objects to the extent that the Requests seeks information that is protected by attorney-client privilege, the attorney work product doctrine, the executive or deliberative process privilege and/or any other legally recognized privilege and/or immunity.  Plaintiff objects to the extent the Requests seek information and documents prepared in anticipation of litigation and/or for trial and/or the mental impressions, conclusions, opinions and/or legal theories of an individual attorney, the law firm of Reidenbach & Associates, LLC, or any other representative of Plaintiff concerning such litigation.  In the event that privileged information is ever produced by Plaintiff in connection with this litigation, such production will be deemed inadvertent and does not constitute waiver of any privilege.

Plaintiff objects to the overly burdensome and duplicative nature of Defendant's Requests.

Plaintiff objects to Defendant's Requests to the extent that they improperly seek to impose a duty or obligation upon Plaintiff, contractually, at law, or otherwise.

Plaintiff objects to Defendant's Requests to the extent that they seek documents which are already in the possession of Defendant, or which are readily available to Defendant.

Plaintiff's responses are made without waiving or intending to waive: (i) any objections as to the competency, relevance, materiality, privilege or admissibility as evidence, for any purpose of any information produced in response to the Requests; (ii) the right to object on any ground to the use of the information produced in response to the Requests at any hearing or trial; or (iii) the right to object on any ground at any time to a demand for further responses to the Requests. Plaintiff reserves the right to supplement their responses to these Requests.

All of Plaintiff's General Objections are incorporated by reference with Plaintiff's responses set forth below as though same were fully set forth at length therein.

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION

1.      All documents relating to the purchase of the 2013 Lamborghini Aventador, including purchase agreements, bills of sale, invoices, receipts, financing agreements, and warranty documents.

**RESPONSE: All discoverable documents in Plaintiff's possession responsive to this Request are attached hereto.**

2.      All documents relating to any alleged defect, malfunction, or problem with the 2013 Lamborghini Aventador, including photographs, videos, inspection reports, service records, repair estimates, and parts invoices.

**RESPONSE: All discoverable documents responsive to this Request are attached hereto, including the recall repairs made by Defendant F.C. Kerbeck and its estimate to repair Plaintiff's vehicle. By way of further response, to date, Plaintiff has no idea if the propounding Defendant made any repairs to the vehicle and its dilatory conduct concerning the same. Furthermore, Plaintiff has no knowledge whatsoever concerning the $43,381.17 payment which propounding Defendant extorted from Defendant Westlake in connection with the voluntary repossession of the vehicle.**

3

3.      All communications between you and any Defendants concerning the 2013 Lamborghini Aventador, its purchase, defects, repairs, repossession, or sale.

**RESPONSE: All discoverable documents in Plaintiff's possession responsive to this Request are attached hereto.**

4.      All documents relating to the transfer of the 2013 Lamborghini Aventador between repair facilities, including any authorizations, instructions, or communications.

**RESPONSE: All discoverable documents responsive to this Request in Plaintiff's possession are attached hereto, including the receipt for payment of the negligent and fraudulent vehicle transfer from Defendant F.C. Kerbeck, which was not authorized by Plaintiff, to propounding Defendant**

5.      All documents relating to the repossession of the 2013 Lamborghini Aventador, including notices of default, repossession orders, auction records, bills of sale, surplus distribution statements, and payment records.

**RESPONSE: All discoverable documents in Plaintiff's possession responsive to this Request are attached hereto.**

6.      A copy of the $65,549.95 check issued by Westlake to your counsel, along with any deposit records or correspondence concerning that check.

**RESPONSE: Objection. This Request seeks documents that are not irrelevant, immaterial, and unlikely to lead to the discovery of admissible evidence.**

7.      All documents you contend support any claim that you are still entitled to surplus funds from the sale of the 2013 Lamborghini Aventador.

**RESPONSE: Objection. This Request is irrelevant as Plaintiff has received payment of the surplus funds from the sale of the vehicle.**

8.      All documents evidencing or relating to your alleged damages, including calculations, appraisals, receipts, repair invoices, replacement costs, and communications concerning such damages.

**RESPONSE: Objection. This Request improperly seeks expert opinion and testimony. By way of further response and without waiver of any objections, all discoverable documents in the possession of Plaintiff are attached hereto. Plaintiff reserves the right to supplement this response in accordance with the Court's scheduling or case management order governing expert witnesses.**

9.      All communications between you and any lender, dealer, mechanic, auction house, or other third party relating to the 2013 Lamborghini Aventador, its repair, repossession, or sale.

**RESPONSE: All discoverable documents in Plaintiff's possession responsive to this Request are attached hereto.**

10.     All contracts, agreements, or warranties you contend are relevant to this action.

**RESPONSE: Objection. As phrased, this Request seeks information protected by the work product doctrine. By way of further response and without waiver of any objections, all discoverable non-privileged documents in Plaintiff's possession responsive to this Request are attached hereto.**

11.     All documents relating to any insurance claim made for the 2013 Lamborghini Aventador or for damages alleged in this lawsuit.

**RESPONSE: Objection. Plaintiff objects to this Request to the extent it seeks documents already in the possession of the propounding Defendant. By way of further response, Defendant Corsa Motors submitted a claim to its carrier, American Zurich Insurance Company, Claim No. 136002563. Also see correspondence between Plaintiff's counsel and American Zurich produced in response to Westlake's Request for Production of Documents.**

12.     All documents identified in your responses to Defendant's First Set of Interrogatories.

**RESPONSE: All documents identified in Plaintiff's answer to propounding Defendant's First Set of Interrogatories in the possession of Plaintiff are attached hereto.**

13.     Any photographs, videotapes, and films relating to the accident underlying suit, any injuries alleged suffered by Plaintiff, or any equipment involved in the accident.

**RESPONSE: Objection. The term "injuries" and "accident" are not adequately defined within the scope and context of this Request. By way of further response and without waiver of any objections, all documents in Plaintiff's possession responsive to this Request are attached hereto.**

14.     Any statements obtained by Plaintiff or his agents relating to the accident underlying suit.

**RESPONSE: Objection. As phrased, this Request seeks information protected by attorney-client privilege and the work product doctrine. Furthermore, the term "accident" is not adequately defined within the scope and context of this Request. By way of further**

5

**response and without waiver of any objections, none other than what may be contained within the documents produced in discovery by the parties.**

15.    The curriculum vitae of any expert witness who will be called to testify at trial by Plaintiff.

**RESPONSE: Objection. This Request improperly seeks to discover expert opinion and testimony in violation of the Federal Rules of Civil Procedure. By way of further response and without waiver of any objections, no decisions have been made concerning the retaining experts and whether such experts would be called to testify at the time of trial. Plaintiff reserves the right to supplement this response in accordance with the Court's scheduling or case management order governing expert witnesses.**

16.    The expert report of any expert witness who will be called to testify at trial by Plaintiff.

**RESPONSE: See Plaintiff's response to Request No. 15.**

17.    All documents related to communications between Plaintiff and Corsa Motors.

**RESPONSE: Objection. Plaintiff objects to this Request as it seeks documents which are already in the possession of the propounding Defendant. By way of further responses and without waiver of any objections, all documents in Plaintiff's possession responsive to this Request are attached hereto.**

18.    All documents related to communications between Plaintiff and any other parties identified in the Complaint.

**RESPONSE: All documents in Plaintiff's possession responsive to this Request are attached hereto.**

19.    All documents related to communications between the defendants named in the Complaint.

**RESPONSE: All discoverable documents in Plaintiff's possession responsive to this Request are attached hereto.**