KAUFMAN | DOLOWICH

Kaufman Dolowich LLP
Court Plaza North
25 Main Street, Suite 500
Hackensack, New Jersey 07601-7086

Telephone: 201.488.6655
Facsimile: 201.488.6652

www.kaufmandolowich.com

**Erik E. Sardiña, Esq.**
**Partner**
**Direct Dial: 201.708.8236**
**Email: esardina@kaufmandolowich.com**

August 25, 2026

**VIA ECF**
The Honorable Elizabeth A. Pascal, U.S.M.J.
United States District Court
District of New Jersey
44th & Cooper Street, Courtroom 5C
Camden, NJ 08101

**Re: Wonderlin v. Best Car N' Care, Inc., et al.**
**Case No. 1:25-cv-13234-RMB-EAP**

Dear Judge Pascal:

This firm represents Defendant, Corsa Motors, LLC ("Corsa"), in connection with the above-refence matter. We respectfully submit this letter in response to Plaintiff's counsel's motion to withdraw. (*See* ECF No. 114.) As an initial matter, Corsa does not oppose counsel's motion to withdraw, and only submits this writing to respectfully request that the Court set a firm date for Plaintiff to obtain new counsel so the parties can address outstanding discovery from Plaintiff.

Plaintiff has failed to provide critical discovery that has been outstanding for months and has been the subject of repeated meet-and-confer efforts, deposition testimony, deficiency letters, and Court conferences. As set forth in Corsa's August 10, 2026 letter to the Court, the discovery sought by Corsa is not new. Rather, it consists of information and documents requested at the outset of discovery and repeatedly sought throughout the pendency of this litigation. Some of the discovery is directly referenced and annexed in part (and incomplete) to Plaintiff's initial pleadings.

Most significantly, Plaintiff's production of text message communications remains incomplete. As detailed in Corsa's August 10, 2026 submission, Plaintiff testified during his deposition that the text messages produced were not complete message threads but were manually cut and pasted together, that portions of communications may have been omitted, that certain messages were missing due to a purported "copy and pasting error," and that his production was not complete. Corsa has therefore requested complete and continuous text message chains without annotations, editorial changes, summaries, or omissions.

The prejudice to Corsa is particularly acute because many of these communications were placed directly at issue by Plaintiff himself. Plaintiff attached text message communications to his initial complaint and relies upon those communications in support of his claims. Having affirmatively relied upon those communications as a basis for filing suit, Plaintiff cannot continue

to withhold complete copies of the very messages that form the foundation of his allegations. Corsa has sought complete productions of these communications for months and should not be forced to proceed against either an unrepresented litigant or newly retained counsel before receiving discovery that Plaintiff has possessed since before this action was commenced.

In addition to the incomplete text message production, Plaintiff has yet to provide complete responses to multiple interrogatories and requests for production, including materials concerning communications with Best Car, Westlake, and others, alleged damages, contracts and warranties at issue, audio recordings referenced during deposition testimony, and other documents specifically identified in Corsa's prior deficiency letters. Despite repeated requests, these deficiencies remain unresolved.

Accordingly, Corsa respectfully requests that the Court set a firm date for Plaintiff to obtain new counsel.

Corsa thanks the Court for its attention to this matter and remain available at the Court's convenience should Your Honor have any questions or require any additional information.

Respectfully submitted,
**Kaufman Dolowich LLP**

Erik E. Sardiña, Esq.