LAW OFFICES

# RICHARD M. PESCATORE

*A PROFESSIONAL CORPORATION*
1055 EAST LANDIS AVENUE
VINELAND, NEW JERSEY 08360-4041
(856) 507-1000
FAX: (856) 507-1500

**RICHARD M. PESCATORE**
MEMBER OF NJ BAR - 021841985
CERTIFIED BY THE SUPREME COURT OF THE
STATE OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**Email**: rpescatore@pescatorelegal.com

**JENNIFER M. CARLSON**
ASSOCIATE
MEMBER OF NJ AND PA BAR - 012712007
Email: jcarlson@pescatorelegal.com

**MARLTON OFFICES**
The Joseph Bucknell House
30 SOUTH MAPLE AVENUE
MARLTON, NEW JERSEY 08053

The William Hammitt House
2 NORTH MAPLE AVENUE
MARLTON, NEW JERSEY 08053

**ROBERT J. MALLOY**
OF COUNSEL

**August 25, 2026**

***Via ECF***
The Honorable Elizabeth A. Pascal, U.S.M.J.
United States District Court – District of NJ
44th and Cooper Street, Courtroom 5C
Camden, NJ 08101

**Re: Wonderlin v. Best Car N' Care, Inc., et al**
**Case No. 1:25-cv-13234-RMB-EAP**

Dear Judge Pascal,

I represent Defendant, F.C. Kerbeck & Sons. I write regarding Plaintiff's counsel's pending Motion to withdraw as counsel *(EFC NO. 114)*.

Kerbeck does not oppose counsel's application to withdraw. However, should the Court be inclined to grant the motion, I respectfully request that the Court establish a firm deadline for Plaintiff to obtain new counsel and to comply with his overdue discovery obligations. As the Court is aware, this matter has been the subject of several case management conferences, during which the parties discussed Plaintiff's outstanding discovery obligations concerning electronically stored information ("ESI"). Plaintiff's responses to discovery demands seeking text messages, phone logs, and emails remain deficient.

The motion comes at the heels of the parties' continued long-standing efforts to obtain Plaintiff's outstanding ESI. The timing of the motion clearly involves a disconnect of sorts between the Plaintiff's counsel and his client who is uniquely in possession, custody or control of the ESI. Plaintiff remains the party prosecuting this action and the ESI is critical. During his deposition testimony, Plaintiff testified that his "primary method" of communicating with Defendant Best Car was by text message and confirmed emails were exchanged *(see Exhibit 1)*. No emails have been produced.

I request the Court apply the strictest of measures including a dismissal with prejudice if Plaintiff fails to adhere.

Very truly yours,

s/ *Richard Pescatore*

**RICHARD M. PESCATORE**
RMP/ac
*Enclosures*

cc: William E. Viss, Esq.
Howard W. Donahue, Esq.
Erik E. Sardina, Esq.