**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **JOHN ZACKARY GILBRIDGE-WONDERLIN** *Plaintiff,* | : | **CIVIL ACTION 1:25-CV-13234-RBM-EAP** |
| v. | : | |
| **BEST CAR N' CARE, INC., *ET AL.*** *Defendants.* | : | **CERTIFICATION OF COUNSEL OF COMPLIANCE WITH THE COURT'S ORDERS (ECF NOS. 116 & 120).** |

I, William E. Viss, Esq., hereby certify as follows:

1. I am an attorney-at-law in good standing to practice in the State of New Jersey. I serve as Chief Litigation Counsel with Reidenbach & Associates, LLC (the "Firm").
2. I am the attorney charged with the representation of Plaintiff, John Zackary Gilbridge-Wonderlin ("Plaintiff") in the above-captioned matter and have personal knowledge as to the facts at issue in this motion:
3. On August 4, 2026, I caused a motion for leave to withdraw as counsel on behalf of Plaintiff to be filed with the Court.
4. On August 4, 2026, a copy of the motion was emailed and mailed to Plaintiff.
5. On August 13, 2026, the Court issued an Order directing counsel and Plaintiff to appear at a motion hearing scheduled to occur on September 10, 2026.
6. On August 18, 2026, undersigned emailed Plaintiff a copy of the Court's Order and explained to Plaintiff that Plaintiff was required to appear in Court on September 10, 2026 to discuss the motion to withdraw.
7. Undersigned also offered to Plaintiff that, if Plaintiff preferred, undersigned could arrange for a car service to transport Plaintiff to the Court House on September 10, 2026, to ensure Plaintiff had a safe and comfortable mode of transportation available to attend the hearing.

8. On August 24, 2026, Plaintiff was again emailed a copy of the August 13, 2026 Order noting that his appearance and participation at the September 10, 2026 motion hearing was required regardless of whether he opposed the motion. Plaintiff was also informed of his option to oppose the motion if he choose to do so.

9. On August 24, 2026, Plaintiff called our office and spoke with undersigned, and with this firm's principal, Scott R. Reidenbach, Esq. and this firm's Director of Legal Operations – Litigation, Christopher P. Allen, Esq.

10. During that call Plaintiff was again made aware that he was to appear before the Court on September 10, 2026.

11. During that call undersigned counsel again offered to hire a car service to transport Plaintiff to the Court house safely and comfortably.

12. On August 25, 2026, the undersigned caused to be filed a Certificate of Service noting that the Court's August 13, 2026 Order had been served via first class mail and certified mail upon Plaintiff pursuant to the directives contained in the Court's August 13, 2026 Order.

13. On August 25, 2026, Plaintiff was sent the below listed documents via first class mail, via certified mail with return receipt requested and via Federal Express:

    a. August 4, 2026 e-mail correspondence to Plaintiff;

    b. August 4, 2026 letter to all parties, including Plaintiff, enclosing courtesy copy of motion submitted for filing (ECF NO. 114);

    c. August 10, 2026 filed copy of Defendant Corsa's correspondence to the Court regarding discovery issues for consideration (ECF NO. 115);

d. August 13, 2026 Order scheduling motion hearing for September 10, 2026, with notation that the subject matter of Corsa's August 10, 2026 correspondence will also be heard at that time (ECF NO. 116);

e. August 25, 2026 Defendant Corsa's Letter Response noting that while it does not oppose the undersigned's motion for leave to withdraw, it does request a date certain by which Plaintiff may obtain new counsel due to ongoing discovery issues (ECF NO. 117); and

f. August 25, 2026 Certificate of Service submitted to the Court noting service of the August 13, 2026 Order scheduling the September 10, 2026 motion hearing occurred (ECF NO. 118).

14. The undersigned is in receipt of the Court's TEXT ORDER issued August 27, 2026 directing Plaintiff's counsel to file proof of service of the Court's Order scheduling a hearing on counsel's motion to withdraw and submit this Certification in support of his compliance with the Court's Orders (ECF Nos. 116 & 120).

15. The undersigned hereby certifies that he has spoken to and emailed Plaintiff about the September 10, 206 Hearing, specifically including Plaintiff's need to appear at same.

16. The undersigned cannot yet provide certified return receipts, but does provide copies of the certified receipts – showing mail sent certified but for which the requested return cards have not yet been returned – are attached as **Exhibit A.**

17. The undersigned provides proof of service upon Plaintiff via Federal Express by way of the shipping labels and Fed Ex confirmation of delivery attached hereto as **Exhibit B**, which show hard copies were delivered to Plaintiff's Cherry Hill, NJ and Philadelphia, PA addresses on August 26, 2026.

18. On August 26, 2026, Plaintiff emailed back a reply acknowledgment of his receipt of the August 24, 2026 email correspondence.

19. The undersigned respectfully submits this Certification of Complaint with proof of service via FedEx and email to supplement the Court's review of the pending motion for leave to withdraw as counsel for Plaintiff.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by made are willfully false, I am subject to punishment.

**REIDENBACH & ASSOCIATES, LLC**

Dated: August 27, 2026

By: ____________________

William E. Viss, Esq.
Devon Square 1
724 W. Lancaster Avenue, Suite 215
Wayne, PA 19087
(t) (610) 572-7075
(f) (628) 257-17350
(e) wviss@reidenbachlaw.com
***Counsel for Plaintiff***
***John Zackary Gilbridge-Wonderlin***