# EXHIBIT B

**KAUFMAN DOLOWICH LLP**
Erik E. Sardiña, Esq. (Attorney No. 07330-2013)
Court Plaza North
25 Main Street, Suite 500
Hackensack, New Jersey 07601
(201) 708-8236
esardina@kaufmandolowich.com
*Attorneys for Defendant, Corsa Motors, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

----------------------------------------------------------------X

| | |
|---|---|
| JOHN ZACKARY GILBRIDGE-WONDERLIN,<br><br>Plaintiff, | **CIVIL ACTION**<br><br>**1:25-CV-13234 (RBM)(EAP)** |
| BEST CAR N' CARE, INC., WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES, CORSA MOTORS, LLC, F.C. KERNBECK & SONS d/b/a LAMBORGHINI PALMYRA,<br><br>Defendants. | **CORSA MOTOR'S REQUESTS FOR ADMISSION TO PLAINTIFF** |

---------------------------------------------------------X

To: William E. Viss, Esq.
Devon Square 1
724 W. Lancaster Ave., Ste. 115
Wayne, PA 19087
wviss@reidenbachlaw.com
*Counsel for Plaintiff, Zachary Wonderlin*

Defendant Corsa Motors, LLC hereby serves its First Set of Requests for Admission to Plaintiff John Zackary Gilbridge-Wonderlin in the above-entitled and numbered cause. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff John Zackary Gilbridge-Wonderlin is requested to answer the following Requests for Admission separately and fully in writing, under oath, thirty (30) days after being served with this Requests for Admission.

# DEFINITIONS AND INSTRUCTIONS

1. As used herein, "person" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, its agents or employees.

2. As used herein, "You" or "Your" or "Plaintiff" refers jointly and severally to Plaintiff John Zackary Gilbridge-Wonderlin and his agents or representatives.

3. As used herein, "Corsa Motors" refers to Defendant Corsa Motors LLC and its agents, representatives and employees.

4. As used herein, "vehicle" or "Lamborghini" refers to the 2013 Lamborghini Aventador which is the subject of the Second Amended Complaint.

5. As used herein, "Defendants" refers to Defendants Best Car N' Care, Inc., Westlake Services, LLC d/b/a Westlake Financial Services, FC Kernbeck & Sons d/b/a Lamborghini Palmyra and their agents, representatives and employees.

6. As used herein, the "Complaint" refers to Plaintiff's Second Amended Complaint in this case, as well as any future amendments and supplements to that pleading.

7. As used herein, the term "communication" is defined by way of illustration and not by way of limitation, as the following: an exchange of words, thoughts or ideas whether by document or by conversation.

8. As used herein, the terms "relate to" and "relevant" mean any and all information that refers to, pertains to, reflects upon, is in any way logically or factually connected with or may afford any information regarding the matters discussed.

9. "Document" means any original or written, typewritten, handwritten, printed, photographic, electronic and otherwise recorded material as well as all tapes, discs, negatives,

videos, and all non-identical copies (regardless of origin and whether or not including additional writing thereon or attached thereto) of such material.

10. The singular form of a word used herein shall be construed to mean the plural, and the plural to mean the singular, when doing so would ensure the provision of additional information or more complete answers and would avoid the questions herein being considered ambiguous, inaccurate or confusing.

11. “And” and “or” as used herein shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete answers and to avoid the requests herein being considered ambiguous, inaccurate or confusing.

12. To “identify” a person or witness means to state his/her name, present employer, last-known address (business and residence), and his/her employer and position in which he/she was employed at the time in question.

13. To “identify” an oral agreement, communication or discussion shall mean to state with respect thereto:

(a) the name and present address of each of the persons who were involved in any way with the communication, discussion or agreement;
(b) a detailed description of the subjects that were involved in the agreement, communication or discussion;
(c) whether any memoranda, notes or other writing relating to the agreement, communication or discussion were ever created;
(d) the general substance of what was said by each person involved in the agreement, communication or discussion; and
(e) the date on which such agreement, communication or discussion occurred.

14. To “identify” any act(s) or event(s) shall mean to state the pertinent date(s) thereof, describe in detail what occurred, identify all persons involved therein, and describe the nature and extent of each person's involvement.

15. When a Request seeks information of a specified category or type and is followed by the phrase "including," or similar language and by an itemized list, the list of items is intended to be exemplary, not exclusive.

16. The following Requests are directed to cover all information in your possession, custody and control, wherever located, including information in the possession, custody or control of, or otherwise available to you, or other persons directly or indirectly employed or retained by you, acting on your behalf or otherwise subject to your control. Every source of information and document storage should be consulted in responding to these requests. Diligent inquiry should be undertaken to obtain information which is as specific and responsive as possible.

17. These Requests are continuing in nature. If further information comes into your possession or is brought to your attention or to your attorney's attention in the course of trial or preparation for trial, or if you later discover that any of the information provided is false, incomplete or misleading, supplementation of your answers is required.

**FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**

1. Admit that there was no direct contract between You and Corsa Motors.

2. Admit that Corsa Motors did not solicit your business.

3. Admit that You did not select Corsa Motors to perform repairs on the subject vehicle.

4. Admit that Corsa Motors was identified and selected by Best Car (a commercial entity) to perform the repair work at issue.

5. Admit that in 2022 and 2023 Best Car was a commercial establishment engaged in the automotive sales business.

6. Admit that in 2022 and 2023 Corsa Motors was a commercial establishment engaged in the automotive sales business.

7. Admit that Best Car authorized Corsa Motors to perform repair work on the vehicle in 2022.

8. Admit that Westlake authorized Corsa Motors to perform repair work on the vehicle after You agreed to a voluntary repossession of the vehicle by Westlake.

9. Admit that Best Car—not Corsa Motors—requested a $15,000 deposit from You to "get started" on the repair of the vehicle.

10. Admit that 646-256-4246 is a phone number for a representative of Best Car and not an employee or owner of Corsa Motors.

11. Admit that Best Car, not You, provided the vehicle to Corsa Motors.

12. Admit that Best Car, not You, requested Corsa Motors perform the repair work.

13. Admit that Best Car selected Corsa Motors to perform the repair work, not You.

14. Admit that Best Car communicated with Corsa Motors regarding the scope of repair work to the vehicle.

15. Admit that Best Car authorized Corsa Motors to proceed with the repair work to the vehicle.

16. Admit that You have never visited Corsa Motors in person.

17. Admit that, prior to 2022, Best Car and Corsa Motors had no communications with one another.

18. Admit that, prior to 2022, Best Car and Corsa Motors had no business relationship.

19. Admit that, prior to 2022, Best Car and Corsa Motors had never conducted business with one another.

20. Admit that, prior to 2022, Best Car and Corsa Motors had no contact with one another.

21. Admit that, prior to 2022, Corsa Motors had never performed any work for Best Car.

22. Admit that, prior to 2022, Best Car had never retained Corsa Motors to perform any services.

23. Admit that, prior to 2022, Oleg Tyulenev Corsa Motors had no communications with one another.

24. Admit that, prior to 2022, Oleg Tyulenev and Corsa Motors had no business relationship.

25. Admit that, prior to 2022, Oleg Tyulenev and Corsa Motors had never conducted business with one another.

26. Admit that, prior to 2022, Oleg Tyulenev and Corsa Motors had no contact with one another.

27. Admit that, prior to 2022, Corsa Motors had never performed any work for Oleg Tyulenev.

28. Admit that, prior to 2022, Oleg Tyulenev had never retained Corsa Motors to perform any services.

29. Admit that on April 18, 2022, You contacted Best Car regarding the vehicle.

30. Admit that on or about April 18, 2022, You informed Best Car that FC Kerbeck could not provide an estimate for the repair work without first disassembling the vehicle.

31. Admit that as of April 18, 2022, neither You nor Best Car knew the estimated cost of the repair work required for the vehicle.

32. Admit that in order to provide an estimate the vehicle needed to be disassembled.

33. Admit that as least by April 18, 2022 You knew that to provide an estimate the vehicle needed to be disassembled.

34. Admit that on April 28, 2022 Best Car notified You that it was "picking" the vehicle up.

35. Admit that on April 28, 2022, Best Car stated to You that it "will get this car fixed at a fraction of this estimate".

36. Admit that on April 28, 2022, Best Car stated to You that Best Car "will cover all the expenses… including all the transportation".

37. Admit that on April 28, 2022, Best Car stated to You that "You will get warranty [sic] on all of these things".

38. Admit that You understood that Best Car was stating to you on April 28, 2022 that Best Car was providing You with warranty coverage for the repairs to the vehicle.

39. Admit that the April 28, 2022 communication stated to You that this was a warranty repair being handled by Best Car

40. Admit that You did not write to Corsa Motors requesting the return of the vehicle until after You received notification from Cosmo Lisica that Westlake Financial was going to repossess the vehicle.

41. Admit that You did not write to Corsa Motors for the return of the vehicle at any time prior to receiving notice of the intended repossession.

42. Admit that the repair work performed by Corsa Motors was performed at the direction and request of Best Car.

43. Admit that, pursuant to the Bill of Sale for the purchase of the vehicle, You agreed that a portion of the purchase price would be financed by a party other than You.

44. Admit that a portion of the purchase price for the vehicle was financed by a party other than You.

45. Admit that in 2023, You and Westlake Financial mutually agreed to a voluntary repossession of the vehicle.

46. Admit that at the time Corsa Motors received the vehicle, You were making payments to Westlake Financial related to the vehicle.

47. Admit that prior to 2022 You and Corsa Motors had no prior dealings or communications.

48. Admit that in 2022 You had the vehicle brought to FC Kerbeck to perform repairs on the vehicle.

49. Admit that You had a 60 day/2,000 mile Powertrain Warranty with Best Car, not Corsa Motors.

**KAUFMAN DOLOWICH LLP**
*Attorneys for Defendant, Corsa Motors, Inc.*

By: ______________________
Erik E. Sardiña, Esq.

Dated: July 1, 2026

**CERTIFICATION**

I certify that the foregoing answers to Requests for Admission are true to the best of my knowledge, information, and belief. I am aware that if any of my responses are willfully false, I may be subject to punishment.

By:______________________________________
JOHN ZACKARY GILBRIDGE-WONDERLIN

Date: ____________________