# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **JOHN ZACKARY GILBRIDGE-WONDERLIN** *Plaintiff,* | : | **CIVIL ACTION 1:25-CV-13234-RBM-EAP** |
| v. | : | |
| **BEST CAR N' CARE, INC., *ET AL.*** *Defendants.* | : | **PLAINTIFF'S ANSWERS TO DEFENDANT, CORSA MOTORS LLC'S REQUESTS FOR ADMISSION** |

Plaintiff, John Zackary Gilbridge-Wonderlin ("Plaintiff"), by and through his attorneys, Reidenbach & Associates, LLC, hereby objects and responds to the Requests for Admissions of Defendant, Corsa Motors, LLC ("Defendant" or "Corsa"), and responds as follows:

## GENERAL OBJECTIONS

Plaintiff objects to the extent that the Requests for Admission seek information that is beyond the scope of discovery provided by the Federal Rules of Civil Procedure or the Local Rules of the District of New Jersey. Plaintiff objects to the extent that the Requests for Admission seek to discover information that is not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to the instructions set forth in the Requests for Admission to the extent that they improperly expand or alter the obligations imposed by the Federal Rules of Civil Procedure or the Local Rules of the District of New Jersey. Plaintiff objects to the definitions associated with the Requests for Admission to the extent they improperly attempt to alter the plain meaning of certain words.

Plaintiff objects to the Requests for Admission to the extent that the Requests for Admission seek information which is protected by the attorney client privilege and/or the attorney work product doctrine.

Plaintiff objects to the Requests for Admission to the extent that the Requests for Admission are unreasonably broad, unduly burdensome and oppressive, and seek to require Plaintiff to conduct an unreasonable investigation.

Plaintiff objects to the Requests for Admission to the extent that the Requests for Admission are incapable of being answered.

Plaintiff objects to the Requests for Admissions to the extent the Requests seek knowledge or information that Plaintiff lacks, and after reasonable inquiry, Plaintiff is unable to obtain such that Plaintiff is unable to admit or deny the Request.

Plaintiff objects to the instructions and definitions provided with these Requests for Admission on the basis that such definitions are overly broad, vague, and often inconsistent with the normal usage and meaning of the words.

Plaintiff objects as the Request for Admissions seek responses concerning agreements and warranties, and yet, in violation of Federal Rule of Civil Procedure 36, fail to attach the agreement, warranty or document in question.

The instructions are likewise overly broad, burdensome and constitute an unreasonable expansion of the discovery requests. Plaintiff gives notice that he does not consider itself bound by the instructions and definitions propounded and instead shall answer the discovery requests in a manner that is responsive to the normal usage and meaning of the language utilized in the Requests for Admission.

Plaintiff incorporates these general objections in each separate response to each of the discovery requests as if set forth fully therein.

## CONDITIONS

1. The answers of Plaintiff set forth herein shall be made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving the following:

a. All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceedings or at the trial of this or any other action;
b. The right to object to the use of any responses provided, or the subject matter thereof, in any subsequent proceedings or at the trial of this or any other action of any ground;
c. The right to object on any ground at any time to a demand for other discovery proceedings involving or relating to the subject matter of these Requests for Admission; and
d. The right at any time to revise, correct, supplement, clarify and/or amend the objections and answers herein as Plaintiff's investigation and discovery in this matter are ongoing.

2. All answers to the Requests for Admission are based on Plaintiff's best understanding of the Requests for Admission and/or the terms therein, and such answers cannot properly be used as evidence except in the context in which Plaintiff understood the Requests for Admission and/or the terms thereof.

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO**
**DEFENDANT' CORSA MOTOR'S REQUESTS FOR ADMISSION**

1. Objection. Plaintiff objects as the Request calls for a legal conclusion. Subject to and without waiver of the objection: Denied. Plaintiff understood through Plaintiff's interactions with Corsa Motors that Corsa Motors was performing repair work under the terms of the applicable warranty. Corsa Motors was paid for the warranty work Corsa Motors performed. As such, a direct contract existed between Corsa Motors and Plaintiff as Corsa Motors was aware Plaintiff was the owner of the vehicle and Corsa Motors was acting under the warranty terms. For all of these reasons, the Request is expressly denied.

2. Denied. Corsa Motors was paid for the warranty work performed on a vehicle that Corsa Motors knew belonged to Plaintiff. Moreover, Corsa Motors knew Best Car n Care was not the owner of the vehicle and knew that Plaintiff *was* the owner of the vehicle. As such, Corsa Motors understood that by soliciting Best Car n Car, Corsa Motors was in fact soliciting Plaintiff. The Request is therefore expressly, denied.

3. It is admitted only that Best Car n Care (now defunct and subject to criminal investigation) had ties with Corsa Motors and caused the vehicle to be transferred to Corsa Motors. All other inferences are expressly denied.

4. Objection. Plaintiff objects as the Request calls for a legal conclusion. Subject to and without waiver of the objection admitted in part denied in part. It is admitted that Best Car n Care (now defunct and subject to criminal investigation) at one point held itself out as a going commercial concern. It is expressly denied that this matter is in any way a commercial concern. Corsa Motors knew Plaintiff, a consumer, was the owner of the vehicle and knew the work was

performed on Plaintiff's behalf – not on the part of Best Car n Care. On those grounds, the Request is expressly denied.

5. After reasonable investigation, Plaintiff is without sufficient knowledge to admit or deny the Request. Plaintiff is aware Best Car n Care is no longer in operation and is subject to criminal investigation. It is therefore admitted only that Best Car n Care (now defunct and subject to criminal investigation) at one point held itself out as a going commercial concern. Whether Best Car n Car was an actual legitimate going commercial concern is beyond Plaintiff's knowledge.

6. See response to Request 5 above.

7. Objection. Plaintiff objects as the Request calls for a legal conclusion. Plaintiff further objects on the grounds that Best Car n Care lacked authority to contract on Plaintiff's behalf and failed to inform Plaintiff prior to relocating the vehicle to Corsa Motors. Subject to the foregoing, aside from limited text messages produced by Corsa Motors, after reasonable inquiry, Plaintiff is unable to admit or deny as Plaintiff lacks sufficient knowledge regarding the arrangements between Corsa Motors and Best Car n Car, except that Plaintiff is aware Corsa Motors received significant payment. By way of example, Corsa Motors has yet to identify the exact parameters of the "warranty" pursuant to which Corsa Motors claims to have performed work.

8. Objection. Plaintiff objects to this Request as seeking in improper legal conclusion. Plaintiff further objects on the grounds that the Request seeks information that, after reasonable inquiry, is not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Furthermore, Plaintiff objects to the extent the Request is vague as to the nature and scope of the alleged "authorization." Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny whether Best Car authorized Corsa Motors to perform repair work on the vehicle in 2022. Accordingly, the Request is denied.

9. Denied. Any request for funds was requested for Corsa Motors to conduct work on the vehicle. Furthermore, Corsa Motors ultimately received hefty payment at Plaintiff's expense. The Request is therefore denied.

10. Admitted.

11. Admitted.

12. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied. Put simply, aside from limited text messages Plaintiff has no knowledge of the full extent of conversations that occurred between Best Car n Care and Corsa Motors. Furthermore, Corsa Motors at all times knew Best Car n Care was not the owner of the vehicle and knew that Plaintiff was the owner of the vehicle.

13. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied. Put simply, aside from limited text messages Plaintiff has no knowledge of the full extent of conversations that occurred between Best Car n Care and Corsa Motors. By way of further response, Corsa Motors at all times knew Best Car n Care was not the owner of the vehicle and knew Plaintiff was the owner of the vehicle.

14. Admitted in part; denied in part. It is admitted that Plaintiff is aware of certain limited communications between Corsa Motors and Best Car n Care (now defunct and subject to criminal investigation). The Request is denied to the extent the Request suggests Plaintiff is aware of the extent of the communications or the full scope or content of the communications.

15. Objection. Plaintiff objects as the Request calls for an improper legal conclusion. Subject to and without waiver of the objection: Denied. Plaintiff understood through Plaintiff's interactions with Corsa Motors that Corsa Motors was performing repair work under the terms of the applicable warranty and Corsa Motors knew that the vehicle was not owned by Best Car n Care, but was owned by Plaintiff. By way of further response, after conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied. Put simply, aside from limited text messages Plaintiff has no knowledge of the full extent of conversations that occurred between Best Car n Care and Corsa Motors. By way of further response, Corsa Motors at all times knew Best Car n Care was not the owner of the vehicle.

16. Admitted.

17. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

18. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

19. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

20. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

21. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

22. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

23. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

24. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

25. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

26. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

27. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

28. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied.

29. Admitted.

30. Admitted in part; denied in part. It is admitted only that on April 18, 2022, Plaintiff communicated with Best Car n Care. Any inference Defendants attempt to draw regarding Plaintiff's knowledge or understanding whether the vehicle actually had to be disassembled is expressly denied. By way of further response, it may very well be that an honest and experienced mechanic could have provided an estimate without taking the vehicle apart. To that end, the Request is denied.

31. Admitted only that, as of April 18, 2022, Plaintiff did not know the estimated cost of the repair work required for the vehicle. The remainder of the Request for Admission is denied as Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission after conducting a reasonably inquiry.

32. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied. By way of further response, it may very well be that an honest and experienced mechanic could have provided an estimate without taking the vehicle apart.

33. Objection. Plaintiff objects to this Request for Admission on the grounds that it seeks information not within Plaintiff's personal knowledge and calls for Plaintiff to admit facts concerning the actions, communications, or authorization of third parties. Subject to and without waiving these objections, the request for admission is denied. After conducting a reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny the Request for Admission. Accordingly, the Request is denied. By way of further response, it may very well be that an honest and experienced mechanic could have provided an estimate without taking the vehicle apart and the Request is therefore denied.

34. Admitted in part; denied in part. It is admitted only that the communications were exchanged. Any inference that Plaintiff authorized or consented to the transfer is denied.

35. Admitted in part; denied in part. It is admitted only that the communications were exchanged. Any inference that Plaintiff authorized or consented to the transfer or work performed by Corsa Motors is denied.

36. Admitted in part; denied in part. It is admitted only that the communications were exchanged. Any inference that Plaintiff authorized or consented to the transfer or work performed by Corsa Motors is denied.

37. Admitted in part; denied in part. It is admitted only that the communications were exchanged. Any inference that Plaintiff authorized or consented to the transfer or work performed by Corsa Motors is denied.

38. Admitted in part; denied in part. It is admitted only that the communications were exchanged. Any inference that Plaintiff authorized or consented to the transfer or work performed by Corsa Motors is denied. Further denied, as Corsa Motors was ultimately paid for the work Plaintiff did not authorize and Best Car n Care subsequently refused to honor the warranty.

39. Admitted in part; denied in part. It is admitted only that the communications were exchanged. Any inference that Plaintiff authorized or consented to the transfer or work performed by Corsa Motors is denied. Further denied, as Corsa Motors was ultimately paid for the work at Plaintiff's expense – work that Plaintiff did not authorize – and Best Car n Care subsequently refused to honor the warranty.

40. Denied. On December 11, 2022, Plaintiff requested when he could pick the vehicle up from "your shop." Thereafter, Corsa Motors communicated with Plaintiff that the vehicle was in pieces and that Westlake had contacted Corsa Motors to stop the work.

41. Denied for the reasons set forth in paragraph 40 above.

42. Admitted in part; denied in part. It is admitted that Corsa Motors communicated often with Best Car n Care regarding repairs to the vehicle. However, it is expressly denied Corsa Motors made diligent efforts to speak with Plaintiff (the owner of the vehicle) or made diligent efforts to confirm the work was authorized by Plaintiff – it was not. On those grounds, the Request is denied.

43. Objection. The Request calls for a legal conclusion. By way of further response, the documents appearing to represent a loan agreement, were not signed by Plaintiff and Plaintiff never agreed to the terms. On those grounds, subject to the foregoing objection, the Request is denied.

44. Objection. The Request calls for an improper legal conclusion. By way of further response, the documents appearing to represent a loan agreement, were not signed by Plaintiff and Plaintiff never agreed to the terms. On those grounds, subject to the foregoing objection, the Request is denied.

45. Objection. The Request calls for an improper legal conclusion. Plaintiff further objects on the grounds that the terms used by Corsa Motors are indefinite, vague and misleading, precluding a meaningful response. Subject to the foregoing objections, the Request is Denied. After months of Plaintiff's desperate attempts to communicate with Corsa Motors (communications that largely went ignored), and after months of Plaintiff's desperate attempts to

communicate with Best Car n Care (no defunct and subject to criminal investigation), Plaintiff learned Westlake was seeking to repossess the vehicle. Any suggestion that repossession was "voluntary" is therefore expressly denied. By way of further response, see below (P-101):


What the hell is going on with my car ???? It's been almost a god damn year since that thing overheated, I want some definite answers NOW!!!
Tue, Mar 28 at 12:21 AM
?????????
Thu, Apr 6 at 11:57 AM
What are you doing with my car ?
Good afternoon John
Please give me a call when you are free.
I'm 40,000 feet in the air right now cant make a phone call until I get to Tokyo, can you text me whatever the situation is with my lambo ?
?
U still
In air
Can I call u
Damn it's that bad that it's too much to type. Yeah I'm still in the air, can only text over the plane's wifi
Do I really have to wait until landing to find out
I didn't want to right this over text while you're in the air traveling.
Your bank West Lake Financial contacted me and put a stop to repair on Lamborghini Aventador
They are in the process of repossessing it.
Call your bank as soon as you land.
Okay I will
When did this happen
And what condition was the car in when it happened
Around the last time u texted me when I tire calling you
It's still in pieces
So what did they like take the pieces or is it still physically in your shop as of today
No it's still in
My shop in pieces
And they say there taking like this
So where we're you at as far as the repairs go for that car had westlake not intervened?
You got the head gaskets finally ?
Read
Fri, Apr 7 at 5:33 PM
I did not
Wed, Jun 14 at 1:28 AM
I want my car back NOW!!!
Delivered
iMessage

46. Admitted.

47. Admitted.

48. Denied. The vehicle was brought to FC Kerbeck to determine what repairs, if any, were required.

49. Objection. The Request calls for an improper legal conclusion. The Request is also vague and ambiguous, prohibiting meaningful response. Subject to the foregoing objections, the request is denied. Plaintiff understood that the vehicle came with a meaningful warranty such that, if after delivery the vehicle manifested issues, or required inspection and repair, Plaintiff would not bear the costs for same. Whether Best Car n Care, FC Kerbeck, Corsa Motors, or any other entity technically carried the warranty, is not a question of fact Plaintiff can admit or deny. By way of further response, Corsa Motors performed work under the applicable warranty and was paid for the warranty work it performed. Plaintiff was the owner of the vehicle at the time the warranty work was performed. Corsa Motors knew Plaintiff was the owner of the vehicle when Corsa Motors performed the work. Corsa Motors also knew the work was being performed per an applicable warranty. As such, to the best of Plaintiff's knowledge, Plaintiff maintained a warranty with Corsa Motors. For all of these reasons, the Request is expressly denied.

**REIDENBACH & ASSOCIATES, LLC**

Dated: September 22, 2026

By: William Viss

William E. Viss, Esq.
Devon Square 1
724 W. Lancaster Ave., Ste. 115
Wayne, PA 19087
(610) 572 – 7075 TEL
(628) 257 – 1350 FAX
*wviss@reidenbachlaw.com*
***Counsel for Plaintiff,***
***Zackary Gilbridge-Wonderlin***